PEOPLE *v* PARKER

CRIMINAL LAW—TRIAL—ADJOURNMENT—PREJUDICE.
Denial of defendant's motion for adjournment of his trial because of a substitution of defense attorneys did not deny him effective assistance of counsel where defendant failed to show that he had suffered any prejudice from the trial court's determination to give him a speedy trial and defendant's new attorney did not state, at the time the adjournment was requested, that he was unprepared to proceed with the trial.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 February 2, 1972, at Detroit. (Docket No. 12095.) Decided March 29, 1972. Leave to appeal denied, 388 Mich 774.

Sammie Lee Parker was convicted of inflicting damage to a safe and of breaking and entering a business place with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Sanford Rosenthal,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 317, 318.

PER CURIAM.  Defendant Sammie Lee Parker was convicted by a jury of inflicting injury to a safe, MCLA 750.531; MSA 28.799, and breaking and entering a business place with intent to commit larceny therein, MCLA 750.110; MSA 28.305.  He appeals as of right.

At the beginning of defendant's trial, Mr. Crockett, his attorney, stated:

"Your Honor, respondent and counsel are here.  I have just this morning filed a substitution of attorneys and a pink appearance.  We were approached on this matter, when I say we, the defender's office by Mr. Posner on Friday.  And we were informed that this matter was scheduled for trial today.  In view of the short notice, I respectfully request an adjournment."

Defendant contends that the trial court's denial of this motion for adjournment denied him the effective assistance of counsel.

In *People* v *O'Leary*, 6 Mich App 115, 122 (1967), this Court stated:

"Continuance was within the sound discretion of the court.  The burden is on the party claiming abuse of discretion to show it.  Prejudice to defendant must be apparent or proved to have been at least probable."

Defendant has failed to show this Court that he has suffered any prejudice from the trial court's determination to give him a speedy trial.  The record also fails to disclose any statement by Mr. Crockett that he was unprepared to proceed.  Defendant's contention that he was denied the effective assistance of counsel is therefore without merit.

Defendant's other claims are entirely frivolous. Affirmed.