## PEOPLE v MCCARVER

Docket No. 59185. Decided August 31, 1978. On application by the
people for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the judgment of the Court of
Appeals and remanded the case to the Court of Appeals for
further proceedings.

Alvin McCarver was convicted by a jury in Berrien Circuit Court,
Chester J. Byrns, J., of possession of amphetamines. The de-
fendant admitted possession of the pills but claimed that he
had believed they were diet pills. The prosecution offered
evidence under the statute as a "like act" that marijuana had
also been seized during a search of the defendant's apartment
with a warrrant to rebut the defendant's claim of mistake. The
defendant withdrew his objection to the admission of the evi-
dence after the trial court gave an instruction to the jury on
the limited purpose for which the evidence was introduced. The
Court of Appeals, R. B. Burns, P.J., and T. M. Burns, J. (D. E.
Holbrook, J., dissenting), reversed the defendant's conviction on
the ground that introduction of the "like act" evidence com-
bined with certain references by prosecution witnesses to the
defendant's alleged involvement in other criminal activities to
deny the defendant a fair trial (Docket No. 24499). The people
apply for leave to appeal. *Held:*

Guilty knowledge is unquestionably an element of the offense
of possession of a controlled substance. Evidence concerning the
simultaneous possession of marijuana, also a controlled sub-
stance, by the defendant was admissible pursuant to the statute
as a "like act". The evidence tends to show the absence of
mistake by the defendant in his possession of amphetamines.
The statute requires "like acts", not identical acts. Further-
more, the jury was adequately cautioned on the limited purpose
for which this evidence was introduced and defense counsel
withdrew his objection to its introduction. The evidence in the
instant case was not of such an inflammatory nature as to
cause the jury to give a verdict of guilty which they might
otherwise not have been disposed to do, and the evidence was
tempered by the limiting instruction. The judgment of the
Court of Appeals is reversed and the case is remanded to the

Court of Appeals for consideration of whether the defendant was denied a fair trial on the basis of other issues raised by the defendant in that Court.

Justice Levin, joined by Chief Justice Kavanagh, dissenting, would deny leave to appeal. Assuming, *arguendo,* that possession of the two substances, marijuana and amphetamines, are "like" acts under the statute, it does not follow that the possession of one tends to indicate knowledgeable possession of the other. The probative value of the marijuana on the issue on which it was offered (whether the defendant knew these pills were amphetamines), depends on whether users or possessors of marijuana know, in significantly greater numbers than the general population, that pills of the kind seized are amphetamines and not caffeine as the defendant claimed he believed. No empirical evidence was offered, and it does not appear that judges can decide the issue based on personal experience. There is, therefore, no rational basis on or apart from the record for drawing the inference that a user or possessor of marijuana on that account would know that the pills in question were amphetamines and not caffeine. The marijuana was not admissible on the premise that one who would violate the law prohibiting possession of one controlled substance is more likely to violate that law as to another substance. That is the prohibited purpose and inference; similar acts evidence is not admissible to prove a character trait or propensity to commit offenses generally or of a particular kind and the trier of fact is precluded from drawing the inference that because a person has committed one crime he might have or has committed another. The Court has no basis for concluding that the error in admitting the marijuana was harmless beyond a reasonable doubt. The views of those comprising the jury on possession and use of marijuana are not in the record. Persons who have an aversion to users of marijuana might well have resolved a reasonable doubt about the defendant's guilt against him. The danger of unfair prejudice becomes particularly evident when this evidence is considered with the testimony characterizing the defendant as a convicted felon and associating him with criminal activity in general.

72 Mich App 311; 249 NW2d 403 (1976) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Jack M. Struwin* for defendant.

PER CURIAM. The defendant was convicted by a jury of the charge of possession of a controlled substance, namely amphetamines, contrary to MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b). He was sentenced to a term of 16 to 24 months in prison. The Court of Appeals reversed the defendant's conviction and remanded for a new trial because the majority of that Court was convinced that evidence of other criminal activity which had been admitted at defendant's trial deprived him of a fair trial. 72 Mich App 311; 249 NW2d 403 (1976).

On November 26, 1974, Federal and Berrien County authorities, acting pursuant to a search warrant, seized, *inter alia,* a quantity of pills and some marijuana from the defendant's residence. The instant prosecution for possession of amphetamines resulted. At trial defendant admitted possessing the pills in question, but he maintained that at the time he possessed them he believed they were diet pills. Guilty knowledge is unquestionably an element of the offense charged.[1]

In an attempt to prove that the defendant was not mistaken as to the nature of these pills, the prosecutor offered evidence at trial that marijuana, another controlled substance, was also

---

[1] MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b):

"(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection with respect to:

* * *

"(b) A controlled substance classified in schedules 1, 2, 3 or 4 except a controlled substance classified in schedule 1 for which a penalty is prescribed in subdivisions (a), (c) or (d), is guilty of a felony punishable by imprisonment for not more than 2 years or by a fine of not more than $2,000.00, or both."

seized during the search of defendant's residence. The evidence was offered pursuant to MCLA 768.27; MSA 28.1050,[2] based upon the prosecutor's contention that defendant's contemporaneous possession of marijuana was a "like act". Defense counsel initially objected to the introduction of this evidence, then withdrew the objection after the trial court gave the jury an instruction on the limited purpose for which the evidence was introduced.

The majority of the Court of Appeals, while acknowledging that *scienter* is an element of the crime, was unconvinced that proof of contemporaneous possession of marijuana was a "like act" so as to justify demonstration at trial. The majority reasoned:

"Defendant was charged with the felony of possession of amphetamines. The proffered evidence indicated that defendant may have been guilty of the misdemeanor of possession of marijuana. A long discourse at this point on the difference in the degree of evil society associates with the possession of marijuana as opposed to the possession of amphetamines is not necessary. The law treats the two crimes in significantly different ways. MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b), MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d). Obviously, both offenses consist of possession of a controlled substance, but they are not sufficiently alike to permit evidence of one to be admissible under the statute in a prosecution for the other. Significantly accentuating the error in

[2] MCLA 768.27; MSA 28.1050:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

this case is the fact that the trial judge twice erroneously instructed the jury that possession of marijuana was an offense punishable to the same extent as possession of amphetamines." 72 Mich App 318-319.

In dissent, Judge HOLBROOK observed:

"Defendant was in possession of two illegal drugs at the same time and place. Defendant denied knowledge of the illegal nature of the amphetamines, possession of which is a felony. Defendant was not charged with the misdemeanor offense, possession of marijuana. Nevertheless, where defendant possessed both drugs at the same time and denies knowledge of the illegal character of the drugs, possession of the marijuana is highly relevant to prove defendant's knowledge of the amphetamines' illegality." 72 Mich App 324.

In *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), in construing MCLA 768.27; MSA 28.1050, we noted:

"The statute requires 'like acts', not identical acts." 402 Mich 12.

We believe that evidence concerning the simultaneous possession of marijuana by the defendant was admissible pursuant to this statute. That evidence tends to show the absence of mistake on the part of defendant with regard to his possession of amphetamines. Both marijuana and amphetamines are presently controlled substances, possession of which is illegal. Proof that the defendant possessed, at the same time, a controlled substance other than the one for possession of which he is being prosecuted is a sufficiently similar act to warrant admission pursuant to the statute to show absence of mistake.

Furthermore, we note that the trial court gave a

cautionary instruction to the jury in this case
which informed them of the limited purpose for
which evidence concerning the defendant's con-
temporaneous possession of marijuana was intro-
duced. The jury was thus adequately advised in
this regard and indeed, defense counsel, who had
initially objected to such evidence, was so satisfied
by the limiting instruction that he indicated on
the record that he was withdrawing his objection
to this evidence.

In *People v Duncan, supra,* we said:

"It is well settled that the determination of whether
the probative value of similar acts testimony is substan-
tially outweighed by its unfairly prejudicial effect is
within the sound discretion of the trial judge. See
*People v DerMartzex,* 390 Mich 410; 213 NW2d 97
(1973), and authority cited therein." 402 Mich 14.

The Court of Appeals majority felt that even if
the evidence concerning possession of marijuana
was considered to be a "like act" its probative
value was clearly outweighed by the prejudice to
the defendant. We disagree. To the extent that the
introduction of evidence of this type tends to fur-
ther prove the prosecutor's case, it will always be
of some prejudice to the defendant. However, we
are unconvinced that in this particular case the
introduction of the "like act" evidence was of such
an inflammatory nature as to cause the members
of the jury to render a finding of guilt which they
might otherwise not have been disposed to do.
Whatever "prejudice" might have emanated from
the introduction of this evidence was certainly
tempered by the cautionary instruction given by
the trial court to the jury. Indeed, as noted *supra,*
this cautionary instruction prompted defense coun-
sel to withdraw his previously proffered objection

to this evidence. Accordingly, we believe that the
Court of Appeals conclusion that this evidence
should have been excluded to be error.

In reversing, the Court of Appeals also con-
cluded that the defendant had been prejudiced at
trial because a Federal agent who was testifying
for the prosecution indicated that the defendant
was a convicted felon. The majority was also trou-
bled by an answer given on cross-examination by a
state police detective as to whether he had tried to
get someone to entrap the defendant. The witness
answered:

"I recall talking to several different persons, and they
advised me that, yes, they were aware of people who
were in criminal activities; they were interested in
assisting me and the name Al McCarver was brought
into the picture."

The prosecutor pursued this point during redi-
rect examination of this witness:

"*Q.* You said the name Al McCarver came up in
various conversations that you had with various people
in the year you have been here; is that correct?

"*A.* That's correct.

"*Q.* Did you bring up his name?

"*A.* No, ma'am.

"*Q.* Was his name brought up to you?

"*A.* Yes it was.

"*Q.* Was it brought up in connection with alleged
criminal activity?"

Finally, at this point defense counsel interposed
an objection claiming that this line of inquiry was
irrelevant and that it involved hearsay. The trial
judge indicated that in his opinion these matters

were irrelevant to the case at bar and sustained the objection.

The Court of Appeals concluded that the testimony of the Federal agent and the testimony of the state police detective when combined with the evidence concerning defendant's simultaneous possession of marijuana united to deprive the defendant of a fair trial. Since we have concluded that the evidence concerning defendant's possession of marijuana was properly admitted by the trial judge, we remand the case to the Court of Appeals for consideration of the question of whether the testimony of the Federal agent and the state police detective, standing alone, or when combined with other issues raised by the defendant in the Court of Appeals but not discussed by that Court, served to deny the defendant a fair trial.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and remand the case to that Court for further proceedings consistent with this opinion.

WILLIAMS, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

LEVIN, J. *(dissenting).* Leave to appeal should be denied.

The issue is whether the Court of Appeals erred in reversing McCarver's conviction for possession of amphetamines on the ground that marijuana seized with the amphetamines should not have been admitted in evidence.

The marijuana was offered to show that McCarver knew that the pills were amphetamines. The Court of Appeals said that possession of marijuana and possession of amphetamines "are not sufficiently alike to permit evidence of one to be admis-

sible under the statute in a prosecution for the other".[1] This Court, in reversing the Court of Appeals, states that the marijuana

"tends to show the absence of mistake on the part of defendant with regard to his possession of amphetamines. Both marijuana and amphetamines are presently controlled substances, possession of which is illegal. Proof that the defendant possessed, at the same time, a controlled substance other than the one for possession of which he is being prosecuted is a sufficiently similar act to warrant admission pursuant to the statute to show absence of mistake."

I

Assuming, *arguendo,* that possession of the two substances are "like" acts,[2] it does not follow that possession of one tends to indicate knowledgeable possession of the other.

The statute makes it "unlawful for any person knowingly or intentionally to possess a controlled substance" unless it was obtained pursuant to a valid prescription or order of a practitioner or is otherwise authorized by the act.[3] It therefore appears that it would be a defense that McCarver did not know that the pills were amphetamines. Since he claimed that he had been led to believe that the pills were caffeine diet pills, similar acts evidence that was probative of his knowledge that they were amphetamines might be admissible under the statute.

The probative value of the marijuana on the issue on which it was offered (whether these pills were amphetamines), depends on whether users or

[1] *People v McCarver,* 72 Mich App 311, 318; 249 NW2d 403 (1976).

[2] See *People v Duncan,* 402 Mich 1, 12; 260 NW2d 58 (1977) (Ryan, J.).

[3] MCL 335.341(4); MSA 18.1070(41)(4).

possessors of marijuana know, in significantly
greater numbers than the general population, that
pills of the kind seized are amphetamines and not
caffeine. No empirical evidence was offered, and it
does not appear that either the trial judge or the
members of this Court can decide the probative-
ness of marijuana on the amphetamine issue based
on personal experience. There is, therefore, no
rational basis on or apart from the record for
drawing the inference that a user or possessor of
marijuana on that account would know that the
pills in question were amphetamines and not caf-
feine.

The marijuana was not admissible on the prem-
ise that one who would violate the law prohibiting
possession of one controlled substance is more
likely to violate that law as to another substance.
That is the prohibited purpose and inference; simi-
lar acts evidence is not admissible to prove a
character trait or propensity to commit offenses
generally or of a particular kind and the trier of
fact is precluded from drawing the inference that
because a person has committed one crime he
might have or has committed another.[4]

A number of courts have held in similar cases
that evidence of possession of marijuana is not
admissible. One noted that the effect of the admis-
sion of such evidence "would be to generate heat
instead of diffusing light" and that such evidence
had a "minute peg of relevancy" which is "entirely
obscured by the dirty linen hung upon it". *State v
Portrey,* 6 Wash App 380, 384; 492 P2d 1050, 1052

---

[4] See McCormick, Evidence (2d ed), § 190, p 447; MRE 404(b).

It was the prosecution's theory that the defendant was a trafficker
in drugs. While possession of a large quantity of marijuana might be
some evidence that the defendant was a "trafficker", possession of a
small quantity of marijuana does not permit that inference. The
ubiquitous use of marijuana by persons who do not traffic in drugs
precludes such an inference.

(1972) (possession of marijuana held improperly admitted in prosecution for possession of LSD); *Sweatt v State,* 251 Ark 650, 652; 473 SW2d 913, 914 (1971) (evidence of past sales of marijuana held improperly admitted in prosecution for sale of LSD); and *State v Spraggin,* 77 Wis 2d 89; 252 NW2d 94 (1977) (in prosecution for delivery of heroin, possession of marijuana held improperly admitted).

## II

The Court has no basis for concluding that the error in admitting the marijuana was harmless beyond a reasonable doubt. We do not know the views of those comprising the jury on possession and use of marijuana. If the jury represented a cross-section of the community, it was comprised of persons who use or have used and persons who have a deep aversion to users of marijuana. Persons who have such an aversion might well have resolved a reasonable doubt about McCarver's guilt against him. The danger of unfair prejudice becomes particularly evident when this evidence is considered with the testimony[5] characterizing McCarver as a convicted felon and associating him with criminal activity in general.

## III

The Court of Appeals did not regard the action of McCarver's lawyer in withdrawing his objection to the admission of the marijuana as significant. He may have done so because the argument over his objection took place in the presence of the jury and, after the cautionary instruction was given,

---

[5] See the per curiam opinion.

the judge asked him, again in the jury's presence, whether he wished to maintain his objection. Counsel might have concluded that it would only have compounded the prejudice to have insisted on the objection.

Moreover, the purpose of requiring an objection is to provide the judge with an opportunity to rule on the objection and avoid the error and an unnecessary new trial. That purpose was served when the lawyer made his objection.

The error was preserved by objection. The judge had an opportunity to avoid error; he did not. The objection was overruled and a "cautionary" instruction was given. There is a record which we can review. Withdrawal of the objection was wholly gratuitous.

## IV

The cautionary instruction, mandatory whenever similar acts evidence is admitted, was not adequate. It was given, as required, when the evidence was admitted; it was not repeated in the charge to the jury. The judge said: "the fact that he had marijuana would not—if he had that, would not make him guilty of the charge here", but he also said "in examining the *credibility* and plausibility of a claim, perhaps, that he didn't know that he had the amphetamines and the like, you may have this in evidence for such weight as you feel it is worth, for such assistance". (Emphasis supplied.)

The instruction was subject to the construction that the jury was to consider the other offense evidence on the issue of credibility. Moreover, the judge failed to instruct the jury specifically that although McCarver may have committed another

offense it should not draw the prohibited inference that he committed this offense, nor did he instruct it not to convict McCarver because he may appear to be a person of bad character or guilty of other improper conduct.

## V

A cautionary instruction on the limited use of other offense evidence, in contrast with most cautionary instructions, is not given because such evidence was inadvertently brought to the jury's attention, but, rather, because it is deliberately admitted.

Such a cautionary instruction cannot cure an error in the admission of other offense evidence. The caution is that the jury is not to draw the prohibited inference or convict the defendant because of bad character or other improper conduct. The instruction, however, is also that the jury *is to consider* the evidence for the purpose for which it was admitted—here, to show knowledge that the pills were amphetamines. The caution does not relate to the use of the evidence on the issue of knowledge, but against mis-use as evidence of a propensity to commit offenses. The instruction which told the jury that it could consider the other offense evidence on the issue of whether McCarver knew he possessed amphetamines did not cure but only compounded the error of admitting such evidence for that purpose.

We would deny leave to appeal.

KAVANAGH, C.J., concurred with LEVIN, J.