PEOPLE v FULLER

Docket No. 50503. Submitted April 13, 1981, at Lansing.—Decided
    May 6, 1981.

Kenneth R. Fuller was convicted of conspiracy to deliver a
    controlled substance and of delivery of a controlled substance,
    Bay Circuit Court, Eugene C. Penzien, J. He appeals, alleging
    that the search warrant which authorized the seizure and
    search of his motor vehicle was not based on probable cause
    and that the section of the Public Health Code under which he
    was convicted violates the title-object clause of the Michigan
    Constitution. *Held:*

    1. The magistrate who issued the search warrant was not
    required to inquire into the circumstances underlying hearsay
    statements in the affidavit offered to establish probable cause
    because the statements were made by police officers. The record
    reveals that there was probable cause to issue the warrant.

    2. The section of the Public Health Code under which defen-
    dant was convicted does not violate the title-object clause of the
    Michigan Constitution.

    Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE
        — AFFIDAVITS — INFORMANTS.

    An affidavit offered to establish the probable cause required for
    the issuance of a search warrant, where such affidavit contains
    hearsay statements of a confidential informant, must indicate
    some of the underlying circumstances upon which the infor-
    mant based his conclusions, and there must be some basis for
    concluding either that the informant is credible or that his
    information in the particular instance is reliable.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures § 65.
    Propriety of considering hearsay or other incompetent evidence in
        establishing probable cause for issuance of search warrant. 10
        ALR3d 359.
[3] 5 Am Jur 2d, Appeal and Error §§ 772, 774, 775.
[4] 73 Am Jur 2d, Statutes § 100.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — MAGISTRATES —
   PROBABLE CAUSE — AFFIDAVITS.

   A magistrate, in determining probable cause to issue a search
   warrant based on an affidavit which contains hearsay state-
   ments of ordinary citizens or police officers, may consider the
   source of the information to be credible without inquiring into
   the underlying circumstances upon which the statements are
   based, providing that the information set forth in the affidavit
   is sufficient to convince the magistrate that there is probable
   cause to believe that the object of the search will be found in
   the place to be searched.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — APPEAL — STAN-
   DARD OF REVIEW.

   The Court of Appeals, in reviewing a challenge to the issuance of
   a search warrant, may not substitute its judgment for that of a
   magistrate absent a clear abuse of discretion in the determina-
   tion of probable cause.

4. HEALTH — PUBLIC HEALTH CODE — CRIMINAL LAW — CONSTITU-
   TIONAL LAW — TITLE-OBJECT CLAUSE — STATUTES.

   The section of the Public Health Code which proscribes the
   delivery of controlled substances and provides penalties there-
   for does not violate the title-object clause of the Michigan
   Constitution (Const 1963, art 4, § 24; MCL 333.7401; MSA
   14.15[7401]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Craig D. Alston,* for defendant on appeal.

Before: BASHARA, P.J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury for conspiracy to deliver a controlled substance and delivery of a controlled substance, contrary to MCL 750.157a; MSA 28.354(1) and MCL 333.7401; MSA 14.15(7401).

Defendant was the owner and driver of a van

from which, undercover police officers testified, an illegal drug sale was transacted. The van was seized, and a warrant to search the van was issued on the basis of the affidavit of an officer, who was neither the arresting officer nor one of those working undercover. The search produced incriminating evidence.

Defendant contends that the search of his van was illegal because the supporting affidavit for the warrant was insufficient to establish probable cause. The affidavit was not based totally upon the affiant's own personal observations but upon information relayed to him by fellow police officers. Defendant argues that probable cause could not be based upon this affidavit since it failed to meet the two-pronged test set forth in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969). Those cases essentially hold that when an affidavit contains hearsay statements of a confidential informant it must show that the tip was accompanied by some of the underlying circumstances upon which the informant based his conclusions. Second, there must be some basis for concluding either that the informant was credible or that his information in the particular instance was reliable.

We do not believe the *Aguilar-Spinelli* test is applicable to the situation presented here. A number of decisions have held the test inapplicable to information supplied by ordinary citizens. *People v Tooks,* 403 Mich 568, 577-578; 271 NW2d 503 (1978), *People v Harris,* 95 Mich App 507, 511; 291 NW2d 97 (1980), *People v O'Brien,* 89 Mich App 704, 714; 282 NW2d 190 (1979), *People v Rodriguez,* 83 Mich App 606, 609; 269 NW2d 199 (1978), *People v Emmert,* 76 Mich App 26, 30-31; 255

NW2d 757 (1977). These decisions all concur that it would be illogical to place a dutiful citizen in the same category as the professional stool pigeon who is often described as a confidential informant and is often himself criminally disposed. We find no reason to distinguish police officers and ordinary citizens for the purpose of meeting the *Aguilar-Spinelli* test.

When one police officer receives information from a fellow officer, the law allows him to assume that his source is credible. See *United States v Cox,* 464 F2d 937 (CA 6, 1972). Where this information is then presented to a magistrate in an application for a search warrant, the magistrate too may consider the source to be credible.

Of course, the information set forth in an affidavit still must be sufficient to convince the magistrate that there is probable cause to believe that the items to be sought will be found in the place to be searched. The affidavit here stated that the affiant gained his information from two police officers who took part in a planned surveillance and whose function it was to make drug purchases. The magistrate could assume that the two officers had experience in this area and had the ability to sufficiently identify illicit drugs. The affiant further stated that it had been his experience that people who sold drugs out of vehicles often carried other drugs in their vehicles. We conclude that the magistrate had probable cause to believe that a search of defendant's van would produce evidence of marijuana or PCP.

Finally, the standard of review for the issuance of search warrants is succinctly stated in *People v Iaconis,* 29 Mich App 443, 462; 185 NW2d 609 (1971): "This Court may not substitute its judgment for that of the magistrate unless there has been a clear abuse of discretion in his determination of probable cause."

Defendant was also convicted of delivery of a controlled substance under § 7401 of the Public Health Code. MCL 333.7401; MSA 14.15(7401). The Michigan Constitution in pertinent part provides, "No law shall embrace more than one object, which shall be expressed in its title". Const 1963, art 4, § 24. Defendant argues that his conviction for delivery is invalid in that the Public Health Code embraces substantially more than one object and that nowhere in its title is there reference to controlled substances or criminal penalties for the sale thereof.

This same argument was recently rejected in *People v Trupiano,* 97 Mich App 416, 420; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980). We believe that drug use and addiction comprise a serious health problem. The proscription against unlawful use, sale, or delivery of those drugs is therefore a related object of the Public Health Code and is embraced by the title which sets forth as its purpose "to protect and promote the public health" and to "provide for the prevention and control of diseases". The title-object clause of the constitution was not designed to prevent the Legislature from simplifying, consolidating, and codifying laws relating to public health. See *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973).

Defendant also contends that criminal provisions relating to drug sales should more properly be made part of the penal code. This argument was rejected in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974). Section 7401 is germane to public health, and the fact that it is also germane to the penal code does not change our decision regarding its constitutionality.

Defendant's conviction is affirmed.

The people's motion to affirm is denied.