PEOPLE v DeLEON

Docket No. 48922. Submitted October 15, 1980, at Detroit.—Decided October 19, 1981.

Ramon DeLeon was convicted by a jury in Recorder's Court of Detroit, Michael J. Connor, J., of possession of 50 or more grams but less than 225 grams of heroin. Defendant was a passenger in an automobile which was stopped for a routine traffic violation. After voluntarily exiting from the automobile by the passenger door, the defendant tossed his hat onto the front seat. The police officer observed on the seat under the hat plastic baggies containing a white powder. The police seized the baggies, which were found to contain heroin. The theory of the prosecution was that defendant possessed the heroin, either alone or jointly with the driver of the automobile, or aided and abetted the driver of the automobile in the possession of the heroin. Defendant sought admission of evidence of the driver's prior possession of heroin conviction and an order prohibiting the prosecution from presenting evidence of defendant's prior knowledge of heroin through the use of evidence of a prior conviction. The trial court refused to permit presentation of evidence by defendant of the driver's prior conviction and ruled that, if defendant took the stand, the prosecution could ask

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 11] 75 Am Jur 2d, Trial § 724.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44-47.
[3] 29 Am Jur 2d, Evidence § 320.
[5] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
   Search and seizure: observance of objects in "plain view"—Supreme Court cases. 29 L Ed 2d 1067.
[6] 17 Am Jur 2d, Continuance §§ 3, 4.
[7] 75 Am Jur 2d, Trial § 193.
[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 27.5.
[9] 21 Am Jur 2d, Criminal Law § 539.
   25 Am Jur 2d, Drugs, Narcotics § 27.13.
   Review for excessive sentences in narcotics case. 55 ALR3d 812.
[10] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 27.5.
[11, 12] 29 Am Jur 2d, Evidence § 321.

defendant if he knew what was in the baggies and whether he was familiar with heroin and that, if the defendant responded in the negative to those questions, the prosecution could introduce evidence of defendant's prior conviction to establish defendant's familiarity with heroin. The trial court also admitted into evidence the heroin and permitted testimony as to the purity and value of the heroin. Defendant appeals. *Held:*

1. The trial court properly instructed the jury on joint possession and aiding and abetting, since, under the proofs presented, the jury could have concluded that the defendant and the driver jointly possessed the heroin or that the defendant was aiding and abetting the driver in the possession of the heroin.

2. The trial court did not abuse its discretion by ruling that, if defendant took the stand and denied knowledge of the nature of the seized substance, the prosecution could use evidence of defendant's prior conviction to establish defendant's knowledge of heroin.

3. The trial court properly refused to permit presentation of evidence by defendant of the driver's prior heroin conviction, since the purpose of such evidence was to prove the character of the driver in the hope that the jury would conclude that, in conformity with his prior acts, the driver, rather than defendant, possessed the heroin.

4. Since the purity and the $11,000 value of the heroin tended to render less likely that the heroin would be possessed without knowing its nature, evidence of the purity and value of the seized heroin was properly admitted for the purpose of establishing the element of knowledge or intent to possess the controlled substance.

5. Since the baggies of heroin were in plain view of the police officer following the lawful stop for the traffic violation and the nature of the substance and its packaging, coupled with the efforts to conceal the baggies, gave the police probable cause to believe that the substance observed was heroin, the seizure of the heroin was proper, and, accordingly, the heroin was properly admitted into evidence at trial.

6. Since the timing of recesses is addressed to the discretion of the trial court and defendant has shown no prejudice resulting from the court's granting a lunch recess between the defendant's closing argument and the prosecution's rebuttal, no abuse of discretion warranting reversal has been shown.

7. The substance abuse provisions of the Public Health Code

do not violate the title-object clause of the Michigan Constitution.

8. The mandatory minimum sentence for possessing more than 50 grams but less than 225 grams of heroin does not violate either the constitutional prohibition against cruel or unusual punishment or the constitutional right to equal protection of the law.

Affirmed.

BRONSON, P.J., dissented. He would hold that reversible error resulted from the failure of the trial judge to prevent the prosecution from asking defendant, if he took the stand, whether he was familiar with heroin, since defendant's defense was that he did not know that the heroin was in the automobile, not that he did not realize that the substance was heroin. Under such circumstances, since the proffered question was immaterial, the answer given by defendant could not justify the use of prior acts testimony. Further, the defendant should have been allowed to impeach the credibility of the driver by the use of evidence of the driver's prior conviction. He would reverse.

### · OPINION OF THE COURT

1. CONTROLLED SUBSTANCES — JURY INSTRUCTIONS — AIDING AND ABETTING.

It is proper to instruct a jury on aiding and abetting in the possession of a controlled substance where, on the proofs presented, the jury could conclude that the defendant knowingly undertook acts or encouraged the possessor of the controlled substance with intent to aid such person to obtain or retain possession of the substance; where the jury could also conclude that the defendant was in possession of a controlled substance with another, the court may also instruct on joint possession.

2. CRIMINAL LAW — EVIDENCE — PRIOR CRIMINAL ACTS.

It is proper for a trial court, in a trial for possession of heroin, to rule that, if the defendant takes the stand and denies knowledge that the substance is heroin, the prosecution may show defendant's knowledge of heroin by means of defendant's prior acts where the trial court's determination that the probative value outweighed the prejudicial effect of such evidence cannot be said to be an abuse of discretion.

3. CRIMINAL LAW — EVIDENCE — PRIOR CRIMINAL ACTS.

The admission of evidence of prior criminal convictions of a witness is properly denied where the purpose of the admission of such evidence is to prove the character of the witness in

order to seek to establish that the crime at bar was committed by the witness rather than by the defendant.

4. CONTROLLED SUBSTANCES — EVIDENCE — VALUE.

Evidence of the purity and value of heroin seized by the police is properly admitted to refute a defendant's assertion of lack of knowledge that the substance was heroin since the evidence of the purity and value tends to suggest that it is unlikely that the defendant would unknowingly be in possession of extremely valuable property.

5. SEARCHES AND SEIZURES — PLAIN VIEW — PROBABLE CAUSE.

Packaged heroin observed in the front seat of an automobile is lawfully seized where the automobile was properly stopped by the police for a traffic violation, the packages were in plain view, and the police had probable cause to believe the substance observed was heroin by reason of the nature of the packaging and the efforts undertaken to conceal the packages.

6. TRIAL — ADJOURNMENT.

The timing of recesses of trials is within the discretion of the trial court; the exercise of that discretion will not be deemed to be an abuse of discretion in the absence of a showing of any apparent or probable prejudice caused by the timing of the recesses.

7. CRIMINAL LAW — PROSECUTORIAL COMMENTS.

The allowance of prosecutorial remarks which may be improper if considered by themselves standing alone will not constitute reversible error where the remarks were made primarily in response to matters previously discussed by defense counsel.

8. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITU-TIONAL LAW.

The substance abuse provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 333.7401 *et seq.;* MSA 14.15[7401] *et seq.).*

9. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CRUEL OR UNUSUAL PUNISHMENT.

The ten-year minimum sentence for illegal possession of 50 or more grams but less than 225 grams of heroin does not violate the constitutional prohibition against cruel or unusual punishments (Const 1963, art 1, § 16; MCL 333.7403[2][a][iii]; MSA 14.15[7403][2][a][iii]).

10. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — EQUAL PRO-
TECTION.

Different treatment of persons in different situations prescribed
by the substance-abuse provisions of the Public Health Code is
proper pursuant to the object of the legislation and does not
amount to denial of equal protection (Const 1963, art 1, § 2;
MCL 333.7403; MSA 14.15[7403]).

DISSENT BY BRONSON, P.J.

11. CRIMINAL LAW — EVIDENCE — PRIOR CRIMINAL ACTS.

It is an abuse of discretion for a trial court to rule that, if the
defendant in a possession of heroin trial were to testify, the
prosecution could ask the defendant whether he was familiar
with heroin and, if receiving a negative reply from the defen-
dant, prove the defendant's knowledge of heroin through evi-
dence of the defendant's prior contact with heroin where the
defendant's defense at trial is not a lack of knowledge that the
substance was heroin but rather a lack of awareness of the
existence of the heroin in the automobile in which he was
riding; such a ruling reversibly chills the defendant's right to
take the stand and testify.

12. CRIMINAL LAW — EVIDENCE — PRIOR CRIMINAL ACTS — COURTS.

A ruling which makes the suppression of evidence of a criminal
defendant's prior convictions contingent upon the defendant's
decision not to impeach a prosecution witness by evidence of
that witness's prior convictions is reversible error, since such a
ruling amounts to an abdication of discretion by the trial court.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Michael F. Bakaian,*
Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for defendant.

Before: BRONSON, P.J., and D. E. HOLBROOK, JR.,
and R. M. RANSOM,* JJ.

PER CURIAM. Defendant was convicted by a jury

* Circuit judge, sitting on the Court of Appeals by assignment.

of possession of heroin in violation of MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). Thereafter sentenced to not less than 15 nor more than 40 years imprisonment, he appeals as of right raising numerous issues.

Abel DeLeon was driving a car in which defendant was a passenger when it was stopped for a routine traffic violation. After voluntarily exiting from the automobile by the passenger door, defendant tossed his hat onto the front seat. The officer saw plastic baggies under the hat. The baggies, containing heroin, were seized.

Defendant first claims that the trial court erred in instructing the jury on aiding and abetting and joint possession. An aiding and abetting instruction is proper where there is evidence that more than one person was involved in the commission of a crime and where there is evidence that defendant's role in the commission thereof may have been something less than direct participation in the original wrongdoing. *People v Benevides,* 71 Mich App 168; 247 NW2d 341 (1976). To aid and abet possession, there must be criminal intent and direct or indirect acts or encouragement which aid in the perpetration of the crime. The act or encouragement must be done knowingly with the intent to aid the possessor to obtain or retain possession. *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971). From the evidence adduced at trial, the jury could have concluded that defendant either possessed the heroin or he tried to hide it by throwing his hat over it. Either act indicates enough evidence to support the instruction on aiding and abetting and joint possession.

Second, defendant argues that the trial court's ruling regarding defendant's familiarity with heroin had the effect of chilling his right to testify on

his own behalf. The court ruled that should the defendant deny knowledge that the powder was heroin, the prosecutor would be allowed to establish such knowledge by evidence of prior acts. It was recognized in *People v McCarver,* 403 Mich 376; 269 NW2d 186 (1978), that similar acts evidence may be admissible to establish intent, knowledge and lack of mistake so long as the probative value of evidence is not outweighed by its prejudicial effect. The determination of whether the probative value of similar acts testimony is substantially outweighed by its prejudicial effect is within the sound discretion of the trial judge. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). We find no abuse of discretion.

Defendant's next allegation of error is that Abel DeLeon's testimony regarding a prior heroin conviction should have been admitted. Abel DeLeon's prior testimony was read to the jury since he was unavailable within the meaning of MRE 804(a)(5), but the court did not allow the conviction testimony to be read. Defendant argues that the conviction testimony was admissible to show that the heroin belonged to Abel DeLeon. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. MRE 404(b). It may be admissible for other purposes. Applying *Duncan, supra,* the trial court's determination was not an abuse of discretion.

Defendant's fourth allegation of error is that evidence of purity and value of the heroin was improperly admitted. In *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978), similar evidence was deemed to be more probative than prejudicial. Knowing or intentional possession of a controlled substance is an element of the crime charged.

Defendant's defense was that he did not know the contents of the baggies. In the instant case, purity and value of the heroin were introduced to indicate knowledge, because one is not likely to possess an $11,000 asset without knowing what it is. This evidence was properly admitted.

Fifth, defendant contends that the seizure of heroin from the front seat of the car was illegal. It has long been settled that objects falling in the plain view of an officer who has the right to be in the position to have that view are subject to seizure and may be introduced into evidence. *Harris v United States,* 390 US 234; 88 S Ct 992; 19 L Ed 2d 1067 (1968). In this case the officer had a right to be outside the car and could see baggies containing a powder. The fact that the officer knew drugs are often wrapped in such containers and that defendant attempted to conceal the baggies by throwing his hat on top established probable cause for the officer to believe that contraband would be found at the time of the search. Thus, there was a legal seizure.

We find no merit in defendant's sixth claim that the court's comments during voir dire negated the possibility of an impartial jury. On appeal, it is well settled that instructions must be read in their entirety and not solely as isolated sentences. *Benevides, supra.* The excerpts relied upon by defendant are misleading when taken out of context. When read as a whole, the instructions were not incorrect.

We do not find error in a two-hour lunch recess between the defendant's closing argument and the prosecutor's rebuttal. Such a recess was in the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. *People v Parker,* 39 Mich App 622; 197 NW2d 829

(1972), *lv den* 388 Mich 774 (1972). Defendant has failed to show any apparent or probable prejudice caused by the recess.

Defendant's eighth contention of error is that the prosecutor committed an act of prejudicial misconduct during closing argument. We examine the prosecutor's remarks in the context in which they were made. *Duncan, supra.* During the trial, defense counsel accused a police officer of telling "bold face lies". In response, the prosecutor, during closing argument, referred to defense counsel stating:

"His job is to do the best he can for his client, and if the best he can do for his client is try and make a witness look like he's lying, that's what he's going to do."

Even though the remarks of the prosecutor may be improper if standing alone, they will not amount to reversible error when made primarily in response to matters previously discussed by defense counsel. *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978). We find that the remarks were in response to the defense counsel's remarks and no error resulted.

Defendant's ninth issue is that the substance abuse provisions of the Public Health Code violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24. This issue has been addressed by this Court in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980), where the Court determined that there was no violation of the constitution's title-object clause. See also *People v Fuller,* 106 Mich App 263; 307 NW2d 467 (1981).

Defendant next argues that mandatory mini-

mum sentencing violates the constitutional prohibition against cruel or unusual punishment. Const 1963, art 1, § 16. Defendant submits that a controlled substance offense is punished more severely than other possessory offenses, since mandatory minimum sentences are not prescribed except for possession of a firearm while in a commission of a felony, MCL 750.227b; MSA 28.424(2).

The dominant test for determining if a given punishment constitutes cruel or unusual punishment is whether "the punishment is in excess of any that would be suitable to fit the crime". *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972).

In *People v Tanksley,* 103 Mich App 268, 270; 303 NW2d 200 (1981), a panel of this Court found "the possession of between 50 and 225 grams of heroin is a most serious crime considering the large quantity and the nature of the drug involved". Although made with reference to a sentence of probation for lifetime, we adopt the reasoning of the Court in *Tanksley* and find that the Legislature in fixing the maximum and minimum punishment for controlled substance offenses has not violated the constitutional prohibition against cruel or unusual punishment.

Defendant's last argument is that mandatory minimum sentencing violates the equal protection clause of the constitution. Const 1963, art 1, § 2. Defendant contends that the weight classifications are arbitrary and fail to provide for equal treatment of persons in the same class since a person who possesses a certain amount of controlled substance contained in a mixture may receive a greater sentence than one who possesses the same amount of controlled substance in a pure form. We adopt the reasoning of the Court in *People v*

*Lemble,* 103 Mich App 220, 222-223; 303 NW2d 191 (1981).

"Nor was this defendant denied equal protection of the laws. It is reasonable for the Legislature to impose more severe punishment for those possessing greater amounts of a mixture containing a controlled substance due to the potential for wider dissemination with an increased potential harm to society. The wording of MCL 333.7403; MSA 14.15(7403) indicates to this Court that the Legislature intended to punish defendants more severely for possession of greater amounts of 'any mixture' containing a controlled substance with the recognition that purchasers of such mixtures often have little or no idea of what percentage of the mixture is filler and what percent is the 'pure' drug. The greater the quantity of the mixture, regardless of the degree of purity, the greater the potential harm to society. Therefore, the different treatment for persons in different situations under the code is proper because it is based on the object of the legislation, deterrence of the distribution of the drug. *People v Chapman,* 301 Mich 584; 4 NW2d 18 (1942)."

Affirmed.

BRONSON, P.J. *(dissenting).* I respectfully dissent. I disagree with the majority's analysis of the second and third issues as will be discussed below. As concerns the various constitutional challenges to the controlled substances provisions of the Public Health Code, I concur in the majority's result. However, I do not wholly concur in the rationale. My reasons will be more fully delineated in my opinion in a matter currently pending before this Court.

I

Defendant made a motion *in limine* to prevent

any questioning concerning his familiarity with heroin. The court ruled that the prosecutor could ask defendant: "Do you know what is in these bags?" and "Are you familiar with this substance?" The court ruled that, should defendant elect to testify and answer these questions in the negative, the prosecutor could prove his knowledge of heroin through other acts evidence.

If defendant's proffered testimony would have been to the effect that he knew a powdery substance was in a plastic bag found in the car, but not what that substance was, I believe the trial court's ruling would have been correct. However, defendant's assertion was that he was unaware of the substance's presence in the automobile. As such, I do not believe that MRE 404(b) authorizes the introduction of the evidence.

In *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979), the Supreme Court stated that evidence of similar acts, in that case used to show intent, could not be introduced unless intent was in issue. In *Major,* defendant was on trial for second-degree criminal sexual conduct. The trial court allowed evidence showing that defendant had exposed himself to girls in the past. The Supreme Court held that, since defendant's defense was simply that he did not commit the crime, the "similar" acts evidence was inadmissible. I believe *Major* controls this case. Defendant here was not basing his defense on a lack of knowledge of heroin but, rather, a lack of awareness of the very existence of any powder in the car. The prosecution argues that defendant's knowledge of heroin would be necessary to establish his intentional aiding and abetting of the crime of possession. I disagree. If the jury believed defendant was lying and concluded that he was indeed aware of the substance in the

car, it could also conclude that his lie was told to cover up his guilty knowledge that the substance was heroin. I think the introduction of any evidence concerning defendant's knowledge of heroin, in light of the defense to be pursued, could only be useful to the jury to the extent that it might conclude that defendant knew what heroin is, so he must also have known that the powdery substance was in the car and that it was heroin. However, this use of other acts evidence, essentially as proof that defendant acted in accordance with the prior acts through which he obtained knowledge of heroin, is specifically prohibited by MRE 404(a).

I do not believe *People v McCarver,* 403 Mich 376; 269 NW2d 186 (1978), is dispositive of this case. In *McCarver,* defendant admitted possessing a quantity of pills but denied knowing what they were. As I said earlier, in this situation a defendant's knowledge of the illegal substance would most definitely be in issue.

My analysis to this point does not resolve the entirety of the problem. Defendant would only have been exposed to extrinsic proofs concerning his knowledge of heroin if he denied any familiarity with the substance during cross-examination. However, I believe that the prosecutor could not even permissibly ask defendant whether he was familiar with heroin. In my opinion, defendant's affirmative answer to this query would constitute the exacting of similar acts evidence just as much as the introduction of extrinsic proofs of defendant's knowledge of heroin. As such, this testimonial evidence would have to be probative of a matter in issue as defined in *Major.* I have already concluded that, given his defense, defendant's knowledge of heroin in the abstract was not material.

It could be argued that the questions to be put

to the defendant would not constitute any form of similar acts evidence. Where a defendant is asked about his knowledge of a substance, he need not detail the source of his knowledge. If defendant here had stated that he was familiar with heroin, this affirmative response would not have directly placed before the jury any other acts information. However, without an explanation forthcoming from defendant specifying a legitimate source of knowledge, it is inevitable that the jury would have concluded the worse, and the spectre of the other acts giving defendant his knowledge would be raised. In many cases, a defendant would be better off if the jury was aware of the actual circumstances under which the knowledge was obtained to thwart the potentially devastating speculations of the jurors.[1]

Assuming, *arguendo,* that the proposed questions to be put to defendant pose no similar acts problem, I still believe they should not have been

[1] Defendant argues that his affirmative answer to the question, "Are you familiar with heroin?" would be tantamount to an admission of an unspecified prior felony conviction. See, *People v Jones,* 92 Mich App 100, 113; 284 NW2d 501 (1979), *People v Garth,* 93 Mich App 308, 317-319; 287 NW2d 216 (1979), *lv den* 409 Mich 854 (1980), *People v Vincent,* 94 Mich App 626, 633-634; 288 NW2d 670 (1980), *lv den* 409 Mich 857 (1980), *People v VanDorsten,* 409 Mich 942; 298 NW2d 421 (1980). These cases are not directly applicable since the hypothetical question above does not elicit the fact of a prior conviction. More importantly, the rationale behind not allowing evidence of an unspecified felony conviction is inapplicable to the other acts problem. The Supreme Court made it clear in *VanDorsten* that it is the nature of the prior felony conviction, and not the fact of conviction, which is important to the jury's evaluation of credibility. However, similar acts evidence is admissible not for impeachment purposes but for some limited substantive purpose. The other acts evidence could, in a given case, be probative without explication of the underlying circumstances of that act *(e.g.,* if defendant was charged with possession of heroin but denied knowing the substance he possessed was heroin, his admission that he was familiar with heroin would be admissible as other acts evidence without the prosecution going into the details as to how defendant happened to possess this familiarity).

allowed. While such questions would be relevant within the meaning of MRE 401, their prejudicial effect would, without question, outweigh their probative value. See, MRE 403.[2] I would not find improper, however, a question put to the defendant simply asking if he was aware at the time of the seizure that the bags contained heroin.

II

I also disagree with the majority's analysis on the issue of whether evidence of Abel DeLeon's prior heroin conviction or convictions should have been admitted. Defendant sought to admit this evidence to impeach Abel DeLeon and to establish that the heroin belonged to Abel. The majority opinion deals only with the second proffered use of evidence of the prior conviction.[3]

---

[2] In my opinion MRE 404(a) is a rule which excludes relevant evidence deemed to be too likely to be misused and overly influential on the jury. One might describe this evidence as "too relevant". I believe, for instance, that the fact of a defendant's two prior shoplifting convictions is relevant as relevant evidence is defined by MRE 401 in a trial in which the defendant is again charged with shoplifting. However, because the strength of such evidence is minimal compared to other types of direct and circumstantial evidence and because juries tend to give undue, indeed often preemptive, weight to prior convictions, MRE 404(a) expresses the general rule that such evidence should be excluded. I further believe that trial courts, when confronted with requests to exclude evidence pursuant to MRE 403, should consider the question in light of the policy reasons behind MRE 404(a). I believe, given the defense in this case, that even if I am wrong concerning the applicability of MRE 404 as a bar to the evidence, if defendant permissibly can be forced to admit his knowledge of heroin, this presents a type of evidence destined to be unduly weighted by the jury given its minimal value as tending to prove guilt on the charged offense.

[3] I do not know whether I would follow the majority's analysis of the admissibility of the evidence for the second proffered use. It may be that the majority is right and MRE 404(b) really does require exclusion of such evidence. I have qualms about this result, however, since a slight variation in the facts makes it very unappealing to me. Suppose defendant had no prior convictions but Abel had a string of convictions for various violations of the controlled substances law. It does not really strike me as fair to refuse to allow defendant to show

The problem here is that the trial court ultimately ruled that if defendant wanted to make any use of evidence of Abel's prior conviction then, should defendant testify, defendant's prior conviction could be admitted into evidence. The trial court also ruled that in the event defendant testified only the fact of the conviction and not its nature would be admissible.[4]

The central problem is that the court abdicated its discretion by offering defendant a choice of having evidence of all convictions come in for impeachment purposes or none. A ruling which makes the suppression of evidence of a defendant's prior convictions contingent upon his decision not to use a prosecution witness's prior convictions for impeachment is improper. In such cases, the trial court abdicates its discretion and, thus, fails to exercise discretion at all contrary to the rule stated in *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). *People v Hayes,* 410 Mich 422; 301 NW2d 828 (1981), *People v Dennis Johnson,* 85 Mich App 181; 270 NW2d 734 (1978), *lv den* 406 Mich 859 (1979), *People v Nabers,* 103 Mich App 354, 379-380; 303 NW2d 205 (1981), *rev'd on other grounds* 411 Mich 1046 (1981). In *Hayes,* the Supreme Court explained that differences in the probative value and the prejudicial effect of evidence of the prior criminal record *vis-à-vis* each witness with past convictions may very well mandate different results on whether evidence of the prior convictions can be used for impeachment. The *Hayes* Court stated:

---

Abel's prior involvement with drugs as part of his defense that the drugs were Abel's. At the same time MRE 404(b) does seem to apply. Since I think the trial court erred in its handling of Abel's prior conviction for impeachment purposes, I do not resolve the MRE 404 problem.

[4] This ruling was, of course, erroneous. See, *People v VanDorsten, supra,* and footnote 1.

"When judges are called upon to balance the 'probative value' of a prior conviction for impeachment purposes against its 'prejudicial effect', it is manifest that closer attention to possible prejudicial effect is necessary when the witness sought to be impeached is the defendant.

"In light of the foregoing, it follows that a ruling such as the one made in the trial court in this case constitutes an impermissible failure to exercise judicial discretion and denies a defendant the independent and individuated judgment to which he or she is entitled.

"In order to decide his trial strategy, including whether to testify in his own behalf, the defendant was absolutely entitled to a ruling whether his record of prior convictions would be admitted against him; a ruling unconditioned by any consideration of his intended cross-examination and impeachment of the people's witness. When the merits of impeaching a particular witness are considered separately, as they should be, it is plain that, if the facts so warrant, there is nothing inherently unfair about permitting prior conviction impeachment of a prosecution witness or witnesses while forbidding the same impeachment of the defendant." (Footnotes omitted.) 410 Mich 426-427.

In the instant case, the erroneous rulings by the court ultimately resulted in defendant's decision not to testify. I do not believe the evidence was so overwhelming that these errors can be considered harmless.

I would reverse.