128 Mich. App. 564 (1983)
341 N.W.2d 141
In re SEARCH WARRANT ON 5000 NORTHWIND DRIVE
ATTORNEY GENERAL
v.
PROFESSIONAL PSYCHOLOGICAL CONSULTANTS, INC.
Docket No. 65655.
Michigan Court of Appeals.
Decided August 25, 1983.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Edwin M. Bladen and Edward A. Servitto, Jr., Assistants Attorney General, for appellant.
Dunnings & Canady, P.C. (by Stuart J. Dunnings), for appellee.
Before: MacKENZIE, P.J., and M.J. KELLY and S. EVERETT,[*] JJ.
PER CURIAM.
After obtaining a search warrant, agents of the Attorney General of Michigan searched the premises of the appellee and seized certain items. Subsequently, pursuant to appellee's motion, the district court quashed the warrant and ordered that the seized items be returned. The Ingham County Circuit Court affirmed the district court. We reverse.
Initially, we note that a court's review of a magistrate's decision on whether probable cause exists to support issuance of a search warrant is not de novo nor merely for the purpose of determining *566 whether the magistrate abused his or her discretion. Rather, a reviewing court must determine, with deference to the magistrate, whether the magistrate's decision is supported by a sufficiently substantial basis. People v Gleason, 122 Mich App 482; 333 NW2d 85 (1983); Illinois v Gates, ___ US ___; 103 S Ct 2317; 76 L Ed 2d 527 (1983).
Applying the two-pronged test established in Aguilar v Texas, 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and Spinelli v United States, 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), the district and circuit courts found that the affidavit was insufficient to support issuance of the warrant because the affidavit did not contain information from which the issuing magistrate could have determined that the informants from whom the affiant obtained the information were reliable. Notwithstanding the fact that the Aguilar-Spinelli test has recently been overruled, see Gates, supra, 103 S Ct 2332; 76 L Ed 2d 548, the standard applied by the reviewing court was too rigid. The Aguilar-Spinelli test is inapplicable to information suppied by ordinary citizens. People v Fuller, 106 Mich App 263, 265; 307 NW2d 467 (1981). The informants were ordinary citizens who were in the best possible position to know whether Dr. Ahmed had indeed provided them with the services for which he billed Medicaid. No reason for deception on their part is apparent, and it is presumed that, had Dr. Ahmed provided them with the detailed treatment that he alleged, they would have known Dr. Ahmed by name and face.
Another fatal deficiency found by the reviewing courts was the claimed lack of specificity. The affidavit, however, specifically named all patients alleged to have been the subjects of fraudulent *567 billings by Dr. Ahmed. The dates, the amounts of time billed for, and the services alleged to have been provided are listed in full. The district court found that the magistrate could not have inferred from the affidavit which patients were interviewed. The affidavit states, however, that the affiant had "personally interviewed the medicaid recipients or their guardians listed in paragraph G above". It is clear from the names and birthdates of those listed which are guardians and which are wards. Since the affiant made no exceptions, the magistrate was entitled to infer that she had interviewed all of those listed or their guardians and that, with specifically listed exceptions, the treatments billed to Medicaid were not provided by Dr. Ahmed. Those who actually provided the services were listed in paragraph I of the affidavit. The affiant's failure to specifically attribute each and every treatment session to one of those named in paragraph I is not fatal to a finding of probable cause by the magistrate. Each patient may well not have remembered which of a number of treatments were performed by a particular individual. The critical fact in this case was that Dr. Ahmed, the only licensed Medicaid provider at appellee's offices, did not provide the services. As long as the individual providing treatment was in fact one of the listed unlicensed employees, the actual name of that person is not critically necessary for purposes of finding probable cause and issuing a search warrant.
Nor did the affiant's failure to name the employee at the Department of Licensing and Regulation who supplied her with the information that the other treating employees were not licensed constitute a fatal flaw. The department itself is charged with maintaining such records and any of *568 its employees should be considered qualified to disseminate such information. Providing the name of the employee who supplied the information might have been preferable but would not have assisted the magistrate in making his decision. Failure to name the date on which the information was obtained is also irrelevant, since it was clearly stated in the affidavit that the employees were not licensed at the time the service was provided, the critical determination in the present case.
Viewing the totality of the circumstances, we find a substantial basis for the issuing magistrate to conclude that a search would uncover evidence of wrongdoing. Not only were the informants named in the affidavit, but their relationship to appellee and Dr. Ahmed was clearly set forth. The relationship alone illustrates that they would be in an excellent position to know the truth of what they said. The details provided by the affiant as to the times of treatment, alternate providers, and the few exceptions where Dr. Ahmed actually treated patients, further buttressed the reliability of the information provided.
The district court erred in quashing the warrant and ordering that the seized items be returned. The circuit court erred in affirming.
Reversed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.