PEOPLE v McCARTY

Docket No. 56170. Submitted October 13, 1981, at Lansing.—Decided
    February 18, 1982. Leave to appeal applied for.

Vernon R. McCarty was charged with possession of more than
    650 grams of cocaine and possession with intent to deliver
    methaqualone. The defendant moved to quash the information,
    alleging that the statutes under which he was being prosecuted
    provided "cruel and unusual punishment" in violation of the
    federal constitution, and "cruel or unusual punishment" in
    violation of the Michigan Constitution, violated the title-object
    clause of the Michigan Constitution, and violated the Equal
    Protection and Due Process Clauses of the United States and
    Michigan Constitutions. The Oakland Circuit Court, James S.
    Thorburn, J., granted the defendant's motion and dismissed the
    case finding that the mandatory penalty of life imprisonment
    for possession of more than 650 grams of cocaine constituted
    cruel and/or unusual punishment. The people appeal. *Held:*

    On the bases of the gravity of the offense, the potential
    injury to others, and society's need to deter this behavior in
    others, the Court of Appeals concludes that the information
    gathered by the Legislature required a severe penalty for this
    crime. The Court of Appeals does not consider the legislation
    unwise nor the penalty imposed cruel and/or unusual.

    Reversed and remanded.

1. CRIMINAL LAW — SENTENCING — CRUEL AND UNUSUAL PUNISH-
    MENT.

    The dominant test for determining if a given punishment consti-
    tutes "cruel and unusual punishment" or "cruel or unusual
    punishment" is whether the punishment is in excess of any
    that would be suitable to fit the crime.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 626.
[2, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.
[3] 21 Am Jur 2d, Criminal Law § 630.
    Validity of state statute imposing mandatory sentence or prohibit-
        ing granting of probation or suspension of sentence for narcotic
        offenses. 81 ALR3d 1192.

2. CONTROLLED SUBSTANCES — GRADUATED PUNISHMENT.

> The statutory scheme of the controlled substances portion of the health code punishes those found to be in possession of greater amounts of mixtures containing controlled substances with more severe penalties; the legislative policies underlying criminal penalties including rehabilitation of the offender, society's need to deter the behavior in others and the prevention of the offender from causing injury to others are achieved by the statute's graduated punishment provisions (MCL 333.7403; MSA 14.15[7403]).

3. CONTROLLED SUBSTANCES — MANDATORY LIFE SENTENCE.

> The provision in the controlled substances portion of the health code providing for a mandatory life sentence for possession of 650 or more grams of a controlled substance is premised upon two legislative policies underlying criminal penalties, the prevention of the offender from causing injury to others and society's need to deter the behavior in others (MCL 333.7403[2][a][i]; MSA 14.15[7403][2][a][i]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Prosecuting Attorney, for the people.

*Bernard P. Paige, P.C.* (by *Daniel J. Cramer),* for defendant on appeal.

Before: BASHARA, P.J., and R. B. BURNS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant was charged in a two-count information with possession of cocaine in an amount of 650 or more grams, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), and possession with intent to deliver methaqualone, MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b). The first count carries a mandatory life imprisonment penalty while the second count carries a penalty of up to seven years and/or a fine of up to $5,000.

Defendant moved to quash the information alleging (1) that the statutes charged in the information violated US Const, Am VIII and Const 1963, art 1, § 16, by establishing penalties which constitute cruel and/or unusual punishment; (2) that the statutes violated the title-object limitation clause, Const 1963, art 4, § 24; and (3) that the statutes violated the Equal Protection and Due Process Clauses of the United States and Michigan Constitutions. Addressing only Count I, the charge for possession of cocaine,[1] the trial court granted the defendant's motion and dismissed the case finding that, although the statute did not violate the title-object limitation clause or the Equal Protection or Due Process Clauses, the mandatory penalty of life imprisonment for possession of cocaine constituted cruel and/or unusual punishment. The people appeal as of right.

The sole issue on appeal is whether mandatory life imprisonment for a conviction under MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), constitutes cruel and/or unusual punishment.

The statute provides:

"Sec. 7403. (1) A person shall not knowingly or intentionally possess a controlled substance unless the sub-

---

[1] The people maintain that this appeal involves a second issue of whether the trial court erred when it determined that the maximum penalty of seven years imprisonment and/or a fine of $5,000 or both, for possession with intent to deliver a controlled substance constitutes cruel and/or unusual punishment. However, the trial court did not find that penalty provision cruel and/or unusual punishment. Count II, charging the defendant with possession with intent to deliver methaqualone, was quashed as an afterthought. In fact, neither the prosecutor nor the trial court was aware of the charge until defense counsel questioned the trial court as to its status. As a matter of fact, the prosecutor stated that defendant was only charged with possession of cocaine, and the trial court stated that it only contemplated the issues raised as to possession of cocaine. Therefore, since the people did not object to the dismissal of Count II, they cannot raise that issue on appeal. *People v Hurd,* 102 Mich App 424; 301 NW2d 881 (1980).

stance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv), and:

"(i) Which is an amount of 650 grams or more of any mixture containing that substance is guilty of a felony and shall be imprisoned for life." MCL 333.7403(1), 333.7403(2)(a)(i); MSA 14.15(7403)(1), 14.15(7403)(2)(a)(i).

The United States Constitution prohibits cruel *and* unusual punishment.[2] The Michigan Constitution prohibits cruel *or* unusual punishment.[3] The trial court found that the penalty prescribed by the statute constituted cruel *and/or* unusual punishment.

The dominant test for determining if a given punishment constitutes cruel and/or unusual punishment was stated in *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972), as whether "the punishment is in excess of any that would be suitable to fit the crime".

At first blush, we are inclined to agree with the trial court, but after closely examining the nature of the act, gleaning the overall legislative scheme from recent decisions and legislative comments, and after reviewing the penalties prescribed by other jurisdictions, we reach the following conclusions.

The questioned statute is an integral part of an

[2] US Const, Am VIII provides: "Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[3] Const 1963, art 1, § 16 provides: "Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained."

overall legislative scheme designed to stamp out illicit sale, possession, and use of certain dangerous and/or addictive substances by providing graduated punishment for offenses involving greater amounts of mixtures containing controlled substances.[4] In finding that the graduated penalty provisions of the statute are not violative of the title-object clause and the Equal Protection and Due Process Clauses, the Court, in *People v Lemble,* 103 Mich App 220, 222; 303 NW2d 191 (1981), stated:

"The statutory scheme of the controlled substances portion of the health code punishes those found to be in possession of greater amounts of mixtures containing controlled substances with more severe penalties. We find that the legislative policies underlying criminal penalties—rehabilitation of the offender, society's need to deter the behavior in others, the prevention of the

[4] MCL 333.7403(1), 333.7403(2)(a)(i-iv); MSA 14.15(7403)(1), 14.15(7403)(2)(a)(i-iv), provides:

"Sec. 7403. (1) A person shall not knowingly or intentionally possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv), and:

"(i) Which is in an amount of 650 grams or more of any mixture containing that substance is guilty of a felony and shall be imprisoned for life.

"(ii) Which is an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years.

"(iii) Which is in an amount of 50 grams or more, but less than 225 grams, or any mixture containing that substance is guilty of a felony and shall be either imprisoned for not less than 10 years nor more than 20 years or placed on probation for life.

"(iv) Which is in an amount of less than 50 grams of any mixture containing that substance is guilty of a felony, punishable by imprisonment for not more than 4 years, or by a fine of not more than $2,000.00 or both."

offender from causing injury to others—are achieved by
this statute's graduated punishment. *People v Lorent-*
*zen,* 387 Mich 167; 194 NW2d 827 (1972). The penalties
that may be imposed under this statute do not shock
the judicial conscience in light of the gravity of the
offenses."

Further, this Court has found that the lifetime
probation provision for possession of 50 grams or
more, but less than 225 grams, of heroin, was not
cruel or unusual punishment.

"In our judgment the possession of between 50 and
225 grams of heroin is a most serious crime considering
the large quantity and the nature of the drug involved.
Although made with reference to a sale of heroin, we
note the Supreme Court's statements in *People v Stew-*
*art (On Rehearing),* 400 Mich 540, 554; 256 NW2d 31
(1977):
   " 'The social loss and attendant crime which is occa-
sioned by heroin addiction in our society has reached
tragic proportions. We are unwilling to strike down as
cruel and unusual this former statutory punishment,
imposed upon those who sold heroin and thus traded in
such human ignorance, weakness and degradation.'

\* \* \*

"The Legislature has the exclusive power to fix the
maximum and minimum punishment for all crimes.
*People v Hall,* 396 Mich 650, 658; 222 NW2d 377 (1976).
In light of the seriousness of the crime under considera-
tion here we are not persuaded that the Legislature
violated the constitutional prohibition against cruel or
unusual punishment in providing for a sentence of
lifetime probation." *People v Tanksley,* 103 Mich App
268, 270-272; 303 NW2d 200 (1981).

Also, in *People v DeLeon,* 110 Mich App 320;
313 NW2d 110 (1981), the Court found that the
Legislature, in fixing the maximum and minimum
punishment for controlled substance offenses, did

not violate the constitutional prohibition against cruel or unusual punishment. The defendant in that case was convicted of possession of 50 or more but less that 225 grams of heroin, and sentenced to 15 to 40 years imprisonment.

While the recent cases, cited above, did not address the present issue, they are noteworthy. By upholding the constitutionality of the lifetime probation provision and the minimum penalty for possession of 50 or more grams, up to 225 grams, this Court has expressed its belief that the gravity of the offense of possessing a large amount of a controlled substance justifies a severe punishment.

We point out that before legislation is enacted various committees seek community input. The information obtained is examined closely to determine what laws need to be enacted to assist the community in its continuing battle against the illegal sale, possession and use of narcotics. The Legislature, because of the information it obtains and the studies it conducts, is better equipped than we, the courts, to draft laws to combat the serious problems of society.

It is our opinion that the mandatory life sentence provision for possession of 650 or more grams of a controlled substance was well-thought out by the Legislature, and premised upon two of the legislative policies underlying criminal penalties mentioned in *Lemble* which were: (1) the prevention of the offender from causing injury to others; and (2) society's need to deter the behavior in others.

The amount specified in the statute, 650 or more grams, is a large quantity that suggests an amount involving major drug dealers. Considering that the street value of 650 or more grams of cocaine is

close to one million dollars,[5] the number of lives affected by the possession, sale or use of this drug would be substantial. Certainly, in establishing the lifetime penalty provision for this offense, the Legislature sought to prevent an offender from causing further injury to others which would necessarily result from involvement with a large quantity of a controlled substance.

Moreover, it is apparent that deterrence of this conduct was a major factor in prescribing a mandatory life sentence for this offense. Society's need to deter this behavior in others is warranted by the magnitude of problems involving drugs that society faces.

After reviewing the statutes in other jurisdictions, comparatively the Michigan statute imposes the most severe penalty for possession of a controlled substance of the quantity involved in this case. However, the Michigan statute is also the most progressive. It provides graduated penalties depending upon the amount possessed, ranging from probation for possession of a small amount to the lifetime imprisonment penalty for possession of an amount of 650 or more grams. Most other jurisdictions provide one penalty for all offenders.

On the bases of the gravity of the offense, the potential injury to others, and society's need to

---

[5] "Cocaine and heroin are by far the most expensive and most profitable of the illicit drugs. As such, both heavily attract the criminal element of society. One kilogram [one kilogram = 1000 grams] of cocaine may cost a wholesaler from $12,000 to $20,000 but has a street value of over a million dollars. *(Woods, The Psychopharmacology of Cocaine,* 1 Drug Use in America, Problems in Perspective 116, 129-130 [1973].) Moreover, the use of cocaine has increased at an alarming rate as the drug has become regarded by users as the 'high status drug'. (Peterson, Statement Before the Select Committee on Narcotics Abuse and Control of the House of Representatives on Cocaine 1 [1979].) It must be noted that one of the primary purposes of the Act is to 'penalize most heavily the illicit traffickers or profiteers of controlled substances.' (Ill Rev Stat 1979, ch 56 1/2, ¶ 1100.)" *People v McCarty,* 86 Ill 2d 247, 255; 427 NE2d 147 (1981).

deter this behavior in others, as well as other reasons stated within this opinion, we must conclude that the information gathered by the Legislature required a severe penalty for this crime, and we at this juncture have not been able to determine that this legislation was unwise nor the penalty imposed cruel and/or unusual.

Reversed and remanded for reinstatement of the charge of possession of cocaine in an amount of 650 or more grams, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i).