PEOPLE v STOUT

Docket No. 52170. Submitted April 13, 1982, at Lansing.—Decided June 8, 1982.

Robert E. Stout was convicted of possession of cocaine and possession of marijuana, Jackson Circuit Court, Charles J. Falahee, J. A supplemental information charging defendant as a fourth felony habitual offender was subsequently dismissed. Two of the prior convictions listed in the supplemental information were for possession of cocaine. The trial court sentenced the defendant for the possession of marijuana and imposed an enhanced sentence for the possession of cocaine. Defendant appeals. *Held:*

1. The classification of cocaine as the equivalent of a narcotic drug for purposes of punishment does not violate the constitutional guarantee of equal protection and does not constitute cruel or unusual punishment.

2. The "reasonable personal use" of cocaine is not protected by the right to privacy.

3. Certain comments of the prosecutor regarding a witness's responses and demeanor and regarding the defendant's failure to produce certain corroborating evidence were not improper and did not result in error.

4. The trial court did not abuse its discretion in allowing a question to a witness from a juror. The juror's question was competent and aided in the fact-finding process.

5. A subsequent drug offender's sentence may not be enhanced unless the prior drug offense is charged in either the information or a supplemental information and the prosecutor proves that the defendant is a recidivist drug offender. In this case the prior convictions were charged in the supplemental

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 2, 17.
[2] 5 Am Jur 2d, Appeal and Error § 624 *et seq.*
   75 Am Jur 2d, Trial §§ 315, 317.
[3] 75 Am Jur 2d, Trial § 305.
[4] 75 Am Jur 2d, Trial § 247.
[5] 75 Am Jur 2d, Trial § 935.
[6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.
   39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.

information which was dismissed, and the prosecutor never proved the fact of the prior convictions. Therefore, the sentence for possession of cocaine should not have been enhanced under the habitual offender provisions of the Public Health Code regarding drug-related offenses.

Affirmed. The sentence for possession of cocaine is vacated and the case remanded for resentencing.

1. Controlled Substances — Cocaine — Narcotic Drugs — Constitutional Law.

The classification of cocaine as the equivalent of a narcotic drug for purposes of imposing penalties for its possession does not violate the constitutional guarantee of equal protection nor does it constitute cruel or unusual punishment; furthermore, the constitutional right to privacy does not protect the "reasonable personal use" of cocaine.

2. Criminal Law — Prosecutor's Comments.

A conviction will not be reversed on the basis of allegedly improper prosecutorial argument where there was no objection at trial and no request for a cautionary instruction to the jury unless, in all likelihood, a curative instruction would not have eliminated the prejudice arising from the prosecutor's remarks.

3. Criminal Law — Prosecutor's Comments.

A prosecutor may not express his personal belief in a witness's credibility but may properly comment on the witness's responses and demeanor.

4. Criminal Law — Prosecutor's Comments.

A prosecutor may properly comment on a defendant's failure to produce corroborating evidence where the comments do not impermissibly shift the burden of proof.

5. Trial — Question From Juror.

It is within the sound discretion of the trial court whether a question to a witness from a juror should be permitted where the question aids in the fact-finding process.

6. Controlled Substances — Sentencing — Habitual Offenders.

A drug offender's sentence as a subsequent offender may not be enhanced pursuant to statute unless the prior drug offense is charged in either the information or a supplemental information and the prosecutor proves that the defendant is a recidivist drug offender (MCL 333.7413; MSA 14.15[7413]).

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Peter John Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

DANHOF, C.J. Defendant was charged with possession of cocaine, MCL 333.7403(1), (2)(a)(iv); MSA 14.15(7403)(1), (2)(a)(iv), and possession of marijuana, MCL 333.7403(1), (2)(d); MSA 14.15(7403)(1), (2)(d). A supplemental information charged defendant as a fourth time habitual offender,[1] MCL 769.12; MSA 28.1084. Following a jury trial defendant was convicted of possession of cocaine and marijuana. Subsequently the supplemental information was dismissed. Applying the sentence enhancement provisions contained in the Public Health Code, MCL 333.7413; MSA 14.15(7413), the trial court sentenced defendant to from 2-1/2 to 8 years imprisonment for possession of cocaine.[2] Defendant was also sentenced to nine months imprisonment for possession of marijuana. Defendant now appeals as of right.

In his first issue defendant argues that the classification of cocaine in Michigan's Public Health Code, MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.,* as the equivalent of a "nar-

[1] Two of the counts in the supplemental information alleged convictions for possession of cocaine.

[2] Defendant was convicted of possession of less than 50 grams of cocaine. This charge carries a maximum sentence of four years imprisonment. MCL 333.7403; MSA 14.15(7403). However, under the sentence enhancement provision of the Public Health Code, the sentence for any second or subsequent violation of the controlled substances provisions may be doubled. MCL 333.7413; MSA 14.15(7413).

cotic" drug for purposes of punishment violates fundamental constitutional principles of due process and equal protection of the laws, infringes on the right of privacy and constitutes cruel and unusual punishment.[3]

In support of his constitutional claims defendant asks this Court to take judicial notice of the large amount of current scientific evidence on the properties and potential for abuse of cocaine. No factual record in support of defendant's claims was developed in the instant case.

Because of the lack of a factual record to support defendant's claims and because no objections were made in the proceedings below on the question of the constitutionality of the statute, this issue has not been preserved for appellate review in the absence of clear and manifest injustice. *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976). We discern no clear and manifest injustice in the instant case.

In reaching this conclusion we note that another panel of this Court has recently held that the classification of cocaine as the equivalent of a "narcotic" drug for purposes of punishment does not conflict with the constitutional provisions for equal protection. *People v Kaigler,* 116 Mich App 567; — NW2d — (1982). See, also, *People v McCarty,* 86 Ill 2d 247; 56 Ill Dec 67; 427 NE2d 147 (1981), noting that *all* courts addressing the issue, with the exception of one trial court in Michigan, have upheld the classification of cocaine as the

[3] Under the controlled substances provisions of the Public Health Code, MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.,* cocaine is listed as a controlled substance in schedule 2. MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv). *For purposes of punishment,* cocaine is classified the same as any substance listed in schedules 1 or 2 which meet the statutory definition of a "narcotic" drug. MCL 333.7401-333.7404; MSA 14.15(7401)-14.15(7404). It should be noted that cocaine is not classified as a "narcotic" drug.

equivalent of a "narcotic" drug for penalty purposes. Furthermore, a number of panels of this Court have found that the penalty provisions for a conviction for possession of a controlled substance do not constitute cruel and/or unusual punishment. See *Kaigler, supra, People v Campbell,* 115 Mich App 369; 320 NW2d 381 (1982), *People v McCarty,* 113 Mich App 464; 317 NW2d 659 (1982), *People v DeLeon,* 110 Mich App 320; 313 NW2d 110 (1981), *People v Lemble,* 103 Mich App 220; 303 NW2d 191 (1981). Finally, we find defendant's assertion that the constitutional right to privacy guarantees some reasonable personal use of cocaine to be without merit. *State v Erickson,* 574 P2d 1, 21-22 (Alas, 1978).

Defendant next argues that various statements made by the prosecutor in closing argument were improper and denied defendant a fair trial. Defendant first asserts that the prosecutor improperly vouched for the credibility of a police officer's testimony and that the prosecutor denigrated the role of defense counsel. No objections to the complained-of remarks were made at trial.

As a general rule, a conviction will not be reversed where there has been no objection and request for a cautionary instruction unless, in all likelihood, a curative instruction would not have eliminated the prejudice arising from the prosecutor's remarks. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977).

Our review of the record indicates that the prosecutor's reference to the police officer was more in the nature of commenting on the witness's responses and demeanor rather than an expression of personal belief in the witness's credibility. As such, these remarks were proper. See *People v Smith,* 87 Mich App 18, 28; 273 NW2d 573 (1978).

As to the prosecutor's comments about defense counsel, rather than objecting defense counsel chose to respond to the remarks in his closing argument. Defense counsel placed the complained-of remarks in proper perspective.

In any case, even if the complained-of remarks were improper, any prejudice created by the remarks could have been cured by an objection and a curative instruction. Under these circumstances reversal is not warranted. *Duncan, supra.*

Defendant also argues that the prosecutor committed error in his closing argument by commenting on defendant's failure to produce certain corroborating evidence. Defendant's timely objection to this remark was overruled by the trial court.

We find that the trial court correctly overruled defendant's objection. Our courts have permitted a prosecutor to comment on a defendant's failure to produce corroborating witnesses when the defendant has taken the stand and testified on his own behalf. See *People v Jackson,* 108 Mich App 346, 351-352; 310 NW2d 238 (1981), and cases cited therein. In the instant case the prosecutor's remarks did not impermissibly shift the burden of proof. *People v Gant,* 48 Mich App 5, 8-10; 209 NW2d 874 (1973).

Defendant next argues that the trial court abused its discretion in allowing a juror to present a question to an expert witness.

A chemist for the narcotics unit of the Michigan State Police Crime Laboratory testified concerning the tests which he performed on the contents of two plastic bags, a "Sucrets" box and a prescription bottle, all of which were seized in connection with defendant's arrest. The tests positively identified the contents of these items as either marijuana or cocaine.

After redirect examination of this witness a juror raised his hand and asked the trial judge if he, the juror, could ask the witness a question. The trial judge asked the juror to state the question and the juror replied:

"Oh, okay. I'm just curious if there are any other substances that would interfere with the results of your wet chemistry tests, * * * if it could possibly cloud the issue?"

Defense counsel objected to the question and the jury was removed from the courtroom. Out of the presence of the jury defense counsel argued that the question was impermissible as it was outside the scope of the witness's testimony. The trial court overruled the objection, stating that it would exercise its discretion and allow the question.

Defendant concedes that in *People v Heard,* 388 Mich 182; 200 NW2d 73 (1972), the Supreme Court ruled that, at least under some circumstances, a trial court may exercise its discretion and allow a juror to question a witness. However, defendant argues that the *Heard* rule is limited to questions which seek to clarify testimony and that a trial court may not permit a juror to request additional information in a subject area that has not been brought out by the prosecutor.

While we share defendant's concern that a juror's question may interject prejudice into the proceedings, we disagree with defendant's reading of *Heard* and application of that case to the facts of the instant case.

In holding that jurors may question witnesses the *Heard* Court stated:

"The practice of permitting questions to witnesses propounded by jurors should rest in the sound discre-

tion of the trial court. It would appear that in certain circumstances, a juror might have a question which could help unravel otherwise confusing testimony. In such a situation, it would aid the fact-finding process if a juror were permitted to ask such a question. We hold that the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court. The trial judge may permit such questioning if he wishes, and we hold that it was error for the judge to rule that under no circumstances might a juror ask any questions." *Id.,* 188-189.

In our view, *Heard* leaves to the sound discretion of the trial court whether a question from a juror should be permitted because it aids the fact-finding process. Although the *Heard* opinion specifically referred to juror questions which "help unravel otherwise confusing testimony" we do not believe that the Court meant to limit juror questions to only those situations, but, rather, was merely posing an example of where juror questions might aid in the fact-finding process. In the instant case, the juror's question was competent and did not indicate that the juror was prejudiced against defendant. The juror's question aided the fact-finding process and, if anything, was favorable to defendant in that it sought to determine whether the expert's test was valid. Accordingly, the trial court did not abuse its discretion in allowing this question to be asked.

We note that even if, *arguendo,* the trial court abused its discretion in allowing the question, reversal of defendant's conviction would not be warranted as the error, if any, would be harmless. See *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

Defendant also argues that his sentence for possession of cocaine, which was enhanced under MCL 333.7413; MSA 14.15(7413), must be vacated

because he was not given notice of the subsequent offender charge against him and because no hearing or trial was held to establish the existence and validity of the prior drug-related convictions. We agree.

In *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977), a panel of this Court rejected the arguments now put forth by defendant. The *McFadden* Court distinguished the sentence enhancement provision of the former Controlled Substances Act and the habitual offender statute and ruled that under the controlled substance statute due process is satisfied where the information concerning defendant's prior drug offense is contained in the presentence report, the defendant is given an opportunity to allocute at sentencing, and the accuracy of such information is confirmed.

Our review of the Supreme Court's recent decision in *People v Urynowicz,* 412 Mich 137; 312 NW2d 625 (1981), leads us to conclude that *McFadden* was overruled *sub silentio.*

*Urynowicz* addressed the question whether a trial court must advise a defendant, while taking a guilty plea, of a mandatory minimum sentence requirement under the criminal sexual conduct statute. The Court held that where the defendant is not charged as a subsequent offender (in that case under MCL 750.520f; MSA 28.788[6]), there is no mandatory minimum sentence of which to advise.

In *Urynowicz,* the Court traced prior decisions in which it held that second offender provisions with mandatory sentence enhancement require that the information must charge the earlier convictions before a defendant may be liable for additional punishment. Among the cases noted by the Court was one dealing with the Controlled Substances Act:

"In *People v Wright,* 405 Mich 832 (1979), the Court examined the sentence enhancement provision of the Controlled Substances Act. MCL 335.348; MSA 18.1070(48). The defendant had been charged only with delivery of cocaine and conspiracy to deliver cocaine, but he was sentenced as a second offender to twice the term of imprisonment authorized. The Court said that doubling the sentence was improper and cited *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962), in which the United States Supreme Court required, as a matter of due process, that a defendant receive reasonable notice and an opportunity to be heard on a recidivist charge." *Urynowicz, supra,* 143.

The *Urynowicz* Court concluded its review of relevant case law by stating:

"We believe that Justice LEVIN captured the essence of this Court's earlier decisions when he wrote for the Court of Appeals in *Bosca [People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970)] that 'before a defendant's punishment for the current offense can be enlarged, the earlier conviction must be charged and proved'." *Id.,* 143-144.

In our view the quoted language from *Urynowicz* makes clear that a subsequent drug offender's sentence may not be enhanced unless the prior drug offense is charged in either the information or a supplemental information *and* the prosecutor proves that the defendant is a recidivist drug offender.

In the instant case, defendant was charged in a supplemental habitual-offender information with having been twice convicted of possession of cocaine. However, that information was dismissed by the trial court and the prosecutor never proved the earlier convictions. Accordingly, defendant's sentence could not be enhanced under MCL 333.7413; MSA 14.15(7413). Defendant's sentence

for possession of cocaine is vacated and this case is remanded for resentencing.

Finally, we note that the prosecutor has raised two issues not raised by defendant. In effect, the prosecutor is attempting to make an impermissible cross-appeal. See *People v Carriger,* 37 Mich App 605; 195 NW2d 25 (1972). Since these issues are not properly before this Court, they will not be addressed.

Defendant's conviction is affirmed. His sentence for possession of cocaine is vacated and this case is remanded to the trial court for resentencing. We do not retain jurisdiction.