PEOPLE v KIRCHOFF

Docket No. 58014. Submitted March 2, 1982, at Lansing.—Decided October 19, 1982.

Neil Kirchoff pled guilty to delivery of cocaine. He was sentenced to a minimum prison term of 1-1/2 years by the Chippewa Circuit Court, Nicholas J. Lambros, J. Defendant appeals challenging the punishment scheme provided in the controlled substances provisions of the Public Health Code as it relates to cocaine. Defendant further asserts that the penalty provision relating to cocaine denies him equal protection of the law and constitutes cruel and unusual punishment. *Held:*

1. The statute clearly classifies cocaine as a non-narcotic drug. The mere fact that identical penalties are imposed for the delivery of a narcotic drug or cocaine does not lead to any rational conclusion that the Legislature operated under clearly erroneous factual assumptions in establishing such penalty as it relates to cocaine.

2. There is no record justifying defendant's argument that the Legislature's decision to allow the identical maximum penalties for trafficking in cocaine or narcotic drugs is arbitrary or capricious and unsupported by scientific fact. Defendant should have presented this argument in the trial court. Also, since the issue appears to be one upon which there can be rational debate it should be presented to the legislative branch.

3. The controlled substances provisions of the Public Health Code which relate to cocaine are not constitutionally infirm.

4. The sentence imposed did not constitute cruel or unusual punishment. Additionally, since defendant's brief makes no argument on this issue, it need not be considered.

5. Defendant's argument, that the Legislature lacks power to regulate by criminal sanctions the trafficking in cocaine, an admittedly dangerous drug, because it interferes with defen-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 27.5, 27.6.
[2] 16 Am Jur 2d, Constitutional Law §§ 316, 317.
[4] 5 Am Jur 2d, Appeal and Error § 684 *et seq.*

dant's right to privacy, was abandoned since it was not briefed or argued.

Affirmed.

1. CONTROLLED SUBSTANCES — COCAINE — NARCOTIC DRUGS.

The mere fact that Michigan imposes the identical penalty for trafficking in cocaine as it imposes for trafficking in narcotic drugs does not lead to a rational conclusion that the Legislature operated under clearly erroneous factual assumptions in establishing such penalty as it relates to cocaine.

2. COURTS — LEGISLATIVE DETERMINATIONS.

The judicial branch of government should not interfere with legislative determinations unless those determinations are so devoid of reason as to amount to arbitrariness or capriciousness.

3. CONTROLLED SUBSTANCES — COCAINE — NARCOTIC DRUGS — DELIVERY — CONSTITUTIONAL LAW.

The controlled substances provisions of the Public Health Code which classify cocaine as the equivalent of a narcotic drug for purposes of imposing penalties for its delivery are constitutional (MCL 333.7401[2][a][iv]; MSA 14.15[7401][2][a][iv]).

4. APPEAL — COURT OF APPEALS — ISSUES ON APPEAL.

The Court of Appeals generally will not consider an issue on appeal which has not been briefed or argued by a party.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Patrick M. Shannon,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Herb Jordan),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. In exchange for dismissal of similar charges in two other files, the defendant pled

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guilty to delivery of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was subsequently sentenced to a minimum prison term of 1-1/2 years.

On this appeal, the defendant does not challenge the validity of his guilty plea and in the trial court he did not challenge the constitutionality of the controlled substances provisions of the Public Health Code or the punishment scheme provided in that act. On this appeal, the defendant challenges the punishment scheme provided in the controlled substances act as it relates to cocaine, asserting that it violates principles of due process and equal protection and constitutes cruel and unusual punishment. None of the defendant's arguments have merit.

Defendant's brief does not truly address his due process argument but merely asserts a due process violation and further asserts that any equal protection violation constitutes a due process violation. Essentially, then, defendant's argument is that the penalty provision of the controlled substances act as it relates to cocaine denies him equal protection of the law.

We note first that the statute does not, as defendant infers, classify cocaine as a narcotic drug. The statute clearly classifies cocaine as a non-narcotic drug, but imposes identical penalties. If the Legislature had classified cocaine as a narcotic drug, the defendant could at least argue that the Legislature operated under a clear mistake of fact. See Justice SWAINSON's opinion in *People v Sinclair*, 387 Mich 91; 194 NW2d 878 (1972). We need not and do not express any opinion as to the validity of such an argument. The mere fact that similar or identical penalties are imposed does not lead to any rational conclusion that the Legisla-

ture operated under clearly erroneous factual assumptions.

Secondly, there is no record in this case which justifies the argument made by the defendant that the Legislature's decision, to allow the identical maximum penalties for trafficking in cocaine as it allows for trafficking in narcotic drugs, is arbitrary or capricious and unsupported by scientific fact. The defendant urges this Court to find that the Legislature acted irrationally, using as a vehicle for that determination judicial notice of an *ex parte* submission to this Court of a number of presumably published articles. We decline the invitation. Such a presentation should have been made in the trial court, not in this Court. *People v Stout,* 116 Mich App 726; 323 NW2d 532 (1982). Secondly, the issue appears to be one upon which there can be rational debate and it is, therefore, an argument that should be presented to the legislative branch and not to the judicial branch. The judicial branch should not interfere with legislative determinations unless those determinations are so devoid of reason as to amount to arbitrariness or capriciousness. The Legislature is better equipped, because of the process of adopting legislation, than are the courts to examine the various positions of persons interested in a particular subject. A courtroom involves the views of only two lawyers in this process, together with those witnesses whom they happen to bring before the court. *People v McCarty,* 113 Mich App 464; 317 NW2d 659 (1982).

We have noted that the position taken by the defendant in this appeal appears to be open to a reasonable contrary argument. In *People v McCarty,* 86 Ill 2d 247; 427 NE2d 147 (1981), the Illinois Supreme Court was met with a similar argument, except that the Illinois statute did classify cocaine as a narcotic drug. In finding the

Illinois statute to be constitutional in the face of an argument that the drug cocaine had been irrationally classified, that court noted:

"Moreover, our research has revealed that all courts which have dealt with the identical issue, with the exception of one trial court in the State of Michigan, have upheld the classification of cocaine as a 'narcotic' for penalty purposes." 86 Ill 2d 258.

The Illinois court then cited opinions from six state courts and nine federal circuits,[1] all upholding the constitutionality of similar statutes. In addition, with this opinion, ten judges of this Court have authored or joined opinions upholding the controlled substances act as it relates to cocaine. None of the opinions have found the statute to be constitutionally infirm in that regard.[2]

[1] *State v Bonanno,* 384 So 2d 355 (La, 1980); *People v Davis,* 92 Cal App 3d 250; 154 Cal Rptr 817 (1979); *State v Stitt,* 24 Wash App 260; 600 P2d 671 (1979); *State v Vernon,* 283 NW2d 516 (Minn, 1979); *State v Erickson,* 574 P2d 1 (Alas, 1978); *People v Billi,* 90 Misc 2d 568; 395 NYS2d 353 (Sup Ct, 1977); *Canal Zone v Davis,* 592 F2d 887 (CA 5, 1979); *United States v Stieren,* 608 F2d 1135 (CA 8, 1979); *United States v Vila,* 599 F2d 21 (CA 2, 1979), *cert den* 444 US 837; 100 S Ct 73; 61 L Ed 2d 48 (1979); *United States v Solow,* 574 F2d 1318 (CA 5, 1978); *United States v Lane,* 574 F2d 1019 (CA 10, 1978); *United States v Wheaton,* 557 F2d 275 (CA 1, 1977); *United States v McCormick,* 565 F2d 286 (CA 4, 1977); *United States v Lustig,* 555 F2d 737 (CA 9, 1977), *cert den* 434 US 1045; 98 S Ct 889; 54 L Ed 2d 795 (1978); *United States v Marshall,* 532 F2d 1279, 1287-1288 (CA 9, 1976); *United States v Harper,* 530 F2d 828 (CA 9, 1976), *cert den* 429 US 820; 97 S Ct 66; 50 L Ed 2d 80 (1976); *United States v Foss,* 501 F2d 522, 530 (CA 1, 1974); *United States v Smaldone,* 484 F2d 311, 319-320 (CA 10, 1973), *cert den* 415 US 915; 94 S Ct 1411; 39 L Ed 2d 469 (1974); *United States v Umentum,* 401 F Supp 746, 748 (ED Wis, 1975), *aff'd* 547 F2d 987 (CA 7, 1976), *cert den* 430 US 983; 97 S Ct 1677; 52 L Ed 2d 376 (1977); *United States v Brookins,* 383 F Supp 1212 (D NJ, 1974), *aff'd* 524 F2d 1404 (CA 3, 1975). *Contra People v Harman,* Livingston Circuit Court, Docket No. 79-2584-FY, decided April 20, 1981).

[2] *People v McCarty,* 113 Mich App 464; 317 NW2d 659 (1982); *People v Stout,* 116 Mich App 726; 323 NW2d 532 (1982); *People v Kaigler,* 116 Mich App 567; 323 NW2d 486 (1982); *People v Campbell,* 115 Mich App 369; 320 NW2d 381 (1982).

The defendant makes the statement in his brief that the penalty provision imposes "cruel and unusual punishment". His brief makes no argument on that issue, and, accordingly, it need not be considered by this Court. In any event, we fail to see how the sentence imposed in this case constituted either cruel or unusual punishment.

Finally, the defendant states that the penalty provision of the controlled substances act, as it relates to cocaine, infringes on his right to privacy. The brief does not argue this position. We assume that the argument is that the Legislature lacks power to regulate by criminal sanctions the unlicensed trafficking in an admittedly dangerous drug because to do so interferes with defendant's "right to privacy". That argument has not met with majority favor in any published opinion of this state of which we are aware, and since the issue has not been briefed or argued by the defendant, we consider it abandoned, and properly so.

The defendant's conviction is affirmed.