PEOPLE v HARMAN

Docket No. 59178. Submitted October 8, 1982, at Lansing.—Decided March 10, 1983. Leave to appeal denied, 417 Mich __.

Defendant, Roy A. Harman, was bound over for trial in the Livingston Circuit Court on a charge of possession of cocaine in excess of 650 grams. The trial court, Bert M. Hensick, J., issued an opinion granting defendant's motion to quash the information and issued an order of dismissal to that effect. The people appeal, alleging error in the trial court's findings that the mandatory life sentence prescribed for possession of 650 grams or more of cocaine is a denial of due process and equal protection of the law, that since the life sentence shocks the judicial conscience it constitutes cruel and unusual punishment, and that the classification of cocaine in the same classification as heroin and other hard drugs is without a rational basis and, therefore, is a denial of equal protection of the law. *Held:*

1. A mandatory life sentence for conviction of possession of 650 grams or more of cocaine does not constitute cruel or unusual punishment under the United States and Michigan Constitutions. Such mandatory life sentence serves to prevent the offender from causing injuries to others by reason of involvement with large quantities of cocaine and serves society's need to deter individuals from engaging in the proscribed conduct.

2. The statutory scheme that places cocaine in Schedule 2 for penalty purposes does not violate an individual's due process or equal protection rights under the United States and Michigan Constitutions.

3. The classification of cocaine as a narcotic for penalty purposes is based upon: (1) the fact that enormous profit from illegal cocaine traffic has led to a great deal of crime, including violent crime, as major importers and dealers compete with

REFERENCES FOR POINTS IN HEADNOTES

[1, 3-5, 7-9, 11] 21 Am Jur 2d, Criminal Law §§ 627, 629, 630.

Review of excessivness of sentence in narcotics case. 55 ALR3d 812.

[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

[6, 10] 21 Am Jur 2d, Criminal Law § 589.

[12] 21 Am Jur 2d, Criminal Law § 583.

each other; (2) a strong correlation between the use of cocaine and the use of heroin and the opiates; (3) the potential harm to a user inherent in the illegal use of cocaine including the danger inherent in the increase in the practice of smoking coca paste or freebase cocaine; and (4) the ongoing dispute in the scientific and medical community as to the potential harm inherent in the use of cocaine and the abundance of unresolved questions concerning the effect of cocaine on humans.

Reversed and remanded for trial.

M. J. KELLY, J., concurred in part and dissented in part. He would hold:

1. That a mandatory life sentence for conviction of possession of 650 grams or more of a mixture containing cocaine does constitute cruel and/or unusual punishment under the United States and Michigan Constitutions.

2. Defendant's potential sentence is not purely hypothetical and he has standing to challenge the constitutionality of the statute's applicable minimum sentence.

3. Three standards are used to determine whether a statute imposes a cruel and/or unusual punishment: the punishment must be proportionate to the offense, the punishment must be comparable to punishments imposed in other jurisdictions for the same offense, and the punishment must serve the modern policy factors of rehabilitation, deterrence, and protection of society.

4. The mandatory minimum sentence for possession of 650 grams or more of a mixture containing cocaine fails to meet the test of proportionality or the evolving standards or decency tests.

5. The speed with which the offender is apprehended, tried, and punished is the measure of the effectiveness of the criminal justice system, not the length of the sentence. The mandatory life sentence provided by the statute has no rehabilitation potential. The goal of rehabilitation is not served by the statute.

6. The mandatory penalty of the statute fails under each test for determining whether the minimum penalty violates the prohibition against cruel and/or unusual punishment. The statute is, therefore, unconstitutional.

7. The felony-punishment provision of MCL 750.503 should apply to violators of the statute until a new minimum sentence can be legislatively enacted.

OPINION OF THE COURT

1. CONTROLLED SUBSTANCES — COCAINE — MANDATORY LIFE SEN-
   TENCES — CONSTITUTIONAL LAW.

   The provision of the controlled substances portion of the health
   code providing for a mandatory life sentence for possession of ·
   650 or more grams of cocaine does not constitute cruel or
   unusual punishment under the United States or Michigan
   Constitutions; the mandatory life sentence serves to prevent
   the offender from causing injuries to others by reason of
   involvement with large quantities of cocaine and serves soci-
   ety's need to deter individuals from engaging in the proscribed
   conduct (US Const, Am VIII; Const 1963, art 1, § 16; MCL
   333.7403[2][a][i]; MSA 14.15[7403][2][a][i]).

2. CONTROLLED SUBSTANCES — COCAINE — CONSTITUTIONAL LAW.

   The statutory scheme which places cocaine among the Schedule 2
   list of controlled substances for penalty purposes does not
   violate an individual's due process or equal protection rights
   under the United States or Michigan Constitutions; the classifi-
   cation of cocaine as a narcotic for penalty purposes is based
   upon: (1) the fact that enormous profit from illegal cocaine
   traffic has led to a great deal of crime; (2) a strong correlation
   between the use of cocaine and the use of heroin and the
   opiates; (3) the potential harm to the user inherent in the
   illegal use of cocaine; and (4) the ongoing dispute in the
   scientific and medical community as to the potential harm
   inherent in the use of cocaine and the abundance of unresolved
   questions concerning the effect of cocaine on humans (US
   Const, Am XIV, § 1; Const 1963, art 1, § 2; MCL 333.7214; MSA
   14.15[7214]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY M. J. KELLY, J.

3. CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — MANDATORY
   LIFE SENTENCES — COCAINE.

   *The mandatory life sentence provided for conviction of possession
   of 650 grams or more of a mixture containing cocaine consti-
   tutes cruel and/or unusual punishment in violation of the
   United States and Michigan Constitutions (US Const, Am VIII;
   Const 1963, art 1, § 16).*

4. CONSTITUTIONAL LAW — CRIMINAL LAW — CRUEL AND UNUSUAL
   PUNISHMENT — APPEAL.

   *The proper procedure to be employed when a statute provides for
   a punishment thought to be cruel and unusual is to attack the
   constitutionality of the statute itself rather than a sentence
   imposed within the limits of the statute.*

5. CONTROLLED SUBSTANCES — MANDATORY LIFE SENTENCES — CO-
   CAINE.

   *A defendant who is charged with possession of 650 grams or more
   of cocaine under a provision of the controlled substances act
   has standing to challenge the constitutionality of that provi-
   sion's applicable minimum sentence of life imprisonment (MCL
   333.7403[2][a][i]; MSA 14.15[7403][2][a][i]).*

6. CONSTITUTIONAL LAW — DEFINITION OF CRIMES — PUNISHMENTS.

   *The power to define crimes and establish punishments rests, in
   the first instance, with the Legislature; however, the exercise of
   that power is subject to judicial scrutiny to ensure that the
   punishment does not exceed constitutional limits.*

7. CONSTITUTIONAL LAW — CONTROLLED SUBSTANCES — CRUEL AND
   UNUSUAL PUNISHMENT — MANDATORY LIFE SENTENCES — CO-
   CAINE.

   *Three standards are used to determine whether a statute imposes
   a cruel and/or unusual punishment: the punishment must be
   proportionate to the offense, the punishment must be compara-
   ble to punishments imposed in other jurisdictions for the same
   offense, and the punishment must serve the modern policy
   factors of rehabilitation, deterrence, and protection of society;
   the mandatory penalty of life imprisonment provided for pos-
   session of 650 grams or more of cocaine fails under each of
   these standards; the statute is, therefore, unconstitutional
   (MCL 333.7403[2][a][i]; MSA 14.15[7403][2][a][i]).*

8. CONSTITUTIONAL LAW — CRIMINAL LAW — SENTENCES — CRUEL
   AND UNUSUAL PUNISHMENT.

   *A punishment, otherwise appropriate, may be so disproportionate
   to the offense charged as to be cruel and/or unusual; an
   excessive sentence is cruel and/or unusual.*

9. CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT —
   COMPARATIVE LAW.

   *The evolving standards test, also referred to as the decency test,
   used in determining whether a statute imposes cruel and/or
   unusual punishment looks to comparative law in other jurisdic-
   tions for guidelines in determining what penalties are widely
   regarded as proper for the offense under consideration.*

10. CRIMINAL LAW — SENTENCING.

    *The speed with which an offender is apprehended, tried, and
    punished is the measure of the deterrent effect of the criminal
    justice system, not the length of the sentence imposed; the goal*

*of rehabilitation of the offender is best served by short sentences except for the most serious crimes.*

11. CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT.
    *A law is not rendered invalid for all other purposes where it is held that the penalty provision of the law is cruel and/or unusual punishment.*

12. CRIMINAL LAW — SENTENCING — PUNISHMENTS NOT FIXED BY STATUTE.
    *The statute regarding punishments for felonies when not fixed by statute should be applied to determine the sentence applicable to felons convicted under a statute whose penalty provision is found to be unconstitutional (MCL 750.503; MSA 28.771).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Michael L. Pritzker, Ltd.* (by *Michael L. Pritzker, Mark F. Sullivan,* and *Marcia L. Smith),* for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On December 17, 1979, defendant, Roy Andrew Harman, was bound over for trial on the offense of possession of cocaine in excess of 650 grams, in violation of MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). On April 20, 1981, the trial judge issued a written opinion in which he granted defendant's motion to quash the information. From this holding, the prosecutor appeals as of right.

At an evidentiary hearing held on December 17, 1980, Dr. Lester Grinspoon, an expert on the subject of psychoactive drugs, testified on defendant's behalf. Among other things, Dr. Grinspoon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testified that the classification of cocaine as a narcotic drug is unwarranted and that it has a less deleterious effect than alcohol or barbiturates.

Based on the testimony of the expert witness and an Illinois Court of Appeals case, *People v McCarty,*[1] the trial judge, in quashing the information, made the following findings regarding the constitutionality of the statute: (1) the mandatory life sentence prescribed for possession of in excess of 650 grams of cocaine is a denial of due process and equal protection of the law; (2) since the life sentence shocks the judicial conscience, it constitutes cruel and unusual punishment; and (3) the classification of cocaine in the same classification as heroin and other "hard drugs" is without a rational basis and, therefore, is a denial of equal protection of the law.

In *People v McCarty,*[2] we held that a mandatory life sentence for conviction of possession of 650 grams or more of cocaine does not constitute cruel or unusual punishment under the United States[3] and Michigan Constitutions.[4] The bases for this holding, with which we agree, were that the mandatory life sentence for the offense served to prevent the offender from causing injuries to others by reason of involvement with large quantities of cocaine and society's need to deter individuals from engaging in the proscribed conduct.

In *People v Lemble,*[5] we discussed the penalty provisions of the controlled substance act of 1978:[6]

[1] 93 Ill App 3d 898; 418 NE2d 26 (1981).

[2] 113 Mich App 464; 317 NW2d 659 (1982).

[3] US Const, Am VIII.

[4] Const 1963, art 1, § 16.

[5] 103 Mich App 220, 222-223; 303 NW2d 191 (1981), *lv den* 412 Mich 888 (1981).

[6] MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.*

"The statutory scheme of the controlled substances portion of the health code punishes those found to be in possession of greater amounts of mixtures containing controlled substances with more severe penalties. We find that the legislative policies underlying criminal penalties—rehabilitation of the offender, society's need to deter the behavior in others, the prevention of the offender from causing injury to others—are achieved by this statute's graduated punishment. *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). The penalties that may be imposed under this statute do not shock the judicial conscience in light of the gravity of the offenses.

"Nor was this defendant denied equal protection of the laws. It is reasonable for the Legislature to impose more severe punishment for those possessing greater amounts of a mixture containing a controlled substance due to the potential for wider dissemination with an increased potential harm to society. The wording of MCL 333.7403; MSA 14.15(7403) indicates to this Court that the Legislature intended to punish defendants more severely for possession of greater amounts of 'any mixture' containing a controlled substance with the recognition that purchasers of such mixtures often have little or no idea of what percentage of the mixture is filler and what percent is the 'pure' drug. The greater the quantity of the mixture, regardless of the degree of purity, the greater the potential harm to society. Therefore, the different treatment for persons in different situations under the code is proper because it is based on the object of the legislation, deterrence of the distribution of the drug. *People v Chapman,* 301 Mich 584; 4 NW2d 18 (1942)."

In *Peole v Kaigler,*[7] this Court held that the classification of cocaine among the Schedule 2[8] list of controlled substances for penalty provisions did not violate the equal protection clauses of the

[7] 116 Mich App 567; 323 NW2d 486 (1982).

[8] MCL 333.7214; MSA 14.15(7214).

federal[9] and state[10] constitutions. However, the *Kaigler* Court noted that the defendant failed to adduce any scientific data in support of his claim that the Legislature acted arbitrarily in classifying cocaine as a Schedule 2 drug.

The Illinois Supreme Court, in *People v McCarty,*[11] overruled the Illinois Court of Appeals case which the trial court herein relied upon to quash the information. As summarized in *Kaigler, supra,*[12] the *McCarty* court upheld the classification of cocaine as a narcotic for penalty purposes:

"The bases enumerated by the court were: (1) enormous profit from illegal cocaine traffic has led to a great deal of crime, including violent crime, as major importers and dealers compete with each other; (2) a strong correlation between the use of cocaine and the use of heroin and the opiates; (3) potential harm to a user inherent in the illegal use of cocaine including the danger inherent in the increase in the practice of smoking coca paste or freebase cocaine; and (4) the ongoing dispute in the scientific and medical community as to the potential harm inherent in the use of cocaine and the abundance of unresolved questions concerning the effect of cocaine on humans."

We adopt the reasoning delineated by the Illinois Supreme Court and hold that the statutory scheme that places cocaine in Schedule 2 for penalty purposes does not violate an individual's due process or equal protection rights under the federal and state constitutions.

Reversed and remanded for trial.

---

[9] US Const, Am XIV, § 1.

[10] Const 1963, art 1, § 2.

[11] 86 Ill 2d 247; 427 NE2d 147 (1981), *rev'g* 93 Ill App 3d 898; 418 NE2d 26 (1981).

[12] *Kaigler, supra,* p 571.

M. J. KELLY, J. *(concurring in part and dissenting in part).* I must dissent from the majority's holding that a mandatory life sentence for conviction of possession of 650 grams or more of a mixture containing cocaine does not constitute cruel and/or unusual punishment in violation of US Const, Am VIII or Const 1963, art 1, § 16.

I

Initially, the prosecution argues that, since defendant has not yet been sentenced, defendant's cruel-or-unusual-punishment claim "is purely hypothetical". The punishment to be imposed under MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), for possession of 650 grams or more of a mixture containing cocaine, is mandatory life imprisonment. As defendant was charged with possession of over 650 grams of a mixture containing cocaine, his potential sentence is not "purely hypothetical". When a statute provides for punishment thought to be cruel and/or unusual, the proper procedure is to attack the constitutionality of the statute itself rather than a sentence imposed within the limits of the statute. *E.g., United States v Dawson,* 400 F2d 194, 200 (CA 2, 1968), *cert den* 393 US 1023; 89 S Ct 632; 21 L Ed 2d 567 (1969); accord, *People v Lorentzen,* 387 Mich 167, 181; 194 NW2d 827 (1972) (holding the minimum penalty of a statute unconstitutional rather than the defendant's particular sentence); see *Cummins v People,* 42 Mich 142; 3 NW 305 (1879) ("when within the statute, this Court has no supervisory control over the punishment that shall be inflicted"); *Lane v Dep't of Corrections, Parole Board,* 383 Mich 50, 60; 173 NW2d 209 (1970). See also *People v Coles,* 412 Mich 917; 317 NW2d 189 (1982) (granting leave on the question of whether *Cummins* should

be overruled). Since defendant has been charged under MCL 333.7403; MSA 14.15(7403), he has standing to challenge the constitutionality of the statute's applicable minimum sentence.

## II

The power to define crimes and establish punishments rests, in the first instance, with the Legislature. The exercise of that power, however, is subject to judicial scrutiny to ensure that the punishment does not exceed constitutional limits. *Furman. v Georgia,* 408 US 238, 269; 92 S Ct 2726, 2741-2742; 33 L Ed 2d 346, 366 (1972) (BRENNAN, J., *concurring);* see *Lorentzen, supra.*

The Michigan Supreme Court has adopted three stnadards for determining whether a statute imposes a cruel and/or unusual punishment: the punishment must be proportionate to the offense, the punishment must be comparable to punishments imposed in other jurisdictions for the same offense, and the punishment must serve the modern policy factors of rehabilitation, deterrence, and protection of society. *Lorentzen, supra;* accord, *People v Hall,* 396 Mich 650, 657-658; 242 NW2d 377 (1976); *Wayne County Prosecutor v Recorder's Court Judge,* 92 Mich App 433, 438-439; 285 NW2d 318 (1979), *lv den* 408 Mich 905 (1980).

### (a) *Proportionality to the Crime*

A punishment, otherwise appropriate, may be so disproportionate to the offense charged as to be cruel and/or unusual.

"To be sure, imprisonment for ninety days is not, in the abstract, a punishment which is either cruel or unusual. But the question cannot be considered in the

abstract. Even one day in prison would be a cruel and unusual punishment for the 'crime' of having a common cold." *Robinson v California,* 370 US 660, 667; 82 S Ct 1417, 1421; 8 L Ed 2d 758, 763 (1962).

An excessive sentence is cruel or unusual. *Lorentzen, supra,* p 176. The statute in the instant case imposes a mandatory life penalty for possession of 650 grams or more of a mixture containing cocaine. The statute is equally applicable to a first-time offender as it is to an habitual criminal. The quantity of cocaine actually possessed by the individual is ignored by the statute.

By comparison, only possession of 650 grams or more of a mixture containing heroin and the commission of first-degree murder, MCL 750.316; MSA 28.548, are subject to mandatory life sentences. In contrast, second-degree murder, MCL 750.317; MSA 28.549, first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), kidnapping, MCL 750.349; MSA 28.581, and taking of hostages by penal inmates, MCL 750.349a; MSA 28.581(1), carry minimum terms of "life or any term of years".[1]

While the instant offense carries a *minimum* life sentence, the *maximum* sentences for the following crimes are enlightening: assault with a dangerous weapon, four years, MCL 750.82, 750.503; MSA 28.277, 28.771; assault with intent to maim, ten years, MCL 750.86; MSA 28.281; and possession of a firearm during the commission of a felony, two years, MCL 750.227b; MSA 28.424(2).

---

[1] While I interpret the phrase "life or any term of years" to impose a mandatory minimum of one year and one day, *People v Harper,* 83 Mich App 390, 399; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979); *People v West,* 113 Mich App 1, 4; 317 NW2d 261 (1982) (M. J. KELLY, J.), other judges of this Court interpret the phrase as requiring no minimum sentence whatsoever, *e.g., West, supra,* p 10 (DANHOF, J., *dissenting*).

Tested by the provisions of other Michigan statutes dealing with serious criminal offenses, the present mandatory minimum sentence for possession of 650 grams or more of any mixture containing cocaine fails to meet the test of proportionality.

### (b) *Evolving Standards*

The evolving standards test, also referred to as the "decency test", looks to comparative law in other jurisdictions for guidelines in determining what penalties are widely regarded as proper for the offense under consideration. *Lorentzen, supra,* p 179.

The penalties for possession of cocaine in the other 49 states and the District of Columbia have been examined. This review discloses that Michigan imposes the most severe penalty for possession of 650 grams or more of a mixture containing cocaine. Accord, *People v McCarty,* 113 Mich App 464, 471; 317 NW2d 659 (1982). No other jurisdiction imposes such a mandatory minimum. Twenty-four states and the District of Columbia have no minimum sentence for possession of 650 grams or more of pure cocaine. Only five states provide for minimum terms in excess of four years. The harshest minimum sentence, provided by North Carolina, is 35 years, with a maximum possible sentence of 40 years, and with reductions for "good time" and "gain time" available.

In reviewing the sentences provided by other jurisdictions for possession of large amounts of cocaine, it is clear to me that Michigan's mandatory minimum sentence of life for first time offenders does not meet the evolving standards or "decency" test.

### (c) *Rehabilitation*

"This test looks to a consideration of the modern policy factors underlying criminal penalties—rehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society." *Lorentzen, supra,* p 180.

Goals of deterrence and prevention are perhaps served by the mandatory life sentence if the argument is accepted that the harsher and longer the punishment, the more likely it would "deter" the proscribed behavior. I believe the sounder view holds that the quicker the steel doors clang on the offender, the better the deterrent effect. The speed with which the offender is apprehended, tried, and punished is the measure of the effectiveness of the criminal justice system, not the length of the sentence. Except for the most serious crimes, the goal of rehabilitating offenders is best served by short sentences. *Lorentzen, supra,* p 181. The mandatory life sentence provided by the statute under consideration has no rehabilitation potential. The goal of rehabilitation is not served by this statute.

### III

Under each test to determine whether the minimum penalty of MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i) violates the prohibition against cruel and/or unusual punishment, the mandatory penalty of the statute fails. I would hold the statute unconstitutional on this ground.

### IV

A holding that the penalty provision of a law is

cruel and/or unusual does not render the law invalid for all other purposes. See *Smith v Johnson,* 458 F Supp 289, 292 (ED La, 1977), *aff'd* 584 F2d 758 (CA 5, 1978); *cf. People v Stewart (On Rehearing),* 400 Mich 540, 553-554; 256 NW2d 31 (1977) (holding that the Court's finding of a cruel and unusual punishment provision in *Lorentzen* did not invalidate the statute). Since I find the mandatory minimum provision of the statute unconstitutional, I would hold that the felony-punishment provision of MCL 750.503; MSA 28.771 should apply until a new minimum sentence can be legislatively enacted.